IN RE DISQUALIFICATION OF CORRIGAN ET AL.

THE STATE EX REL. TUBBS JONES ET AL. *v.* McDONALD
& COMPANY SECURITIES, INC. ET AL.

[Cite as *In re Disqualification of Corrigan* (1996), 77 Ohio St.3d 1235.]

(No. 95–AP–160—Decided February 8, 1996.)

MOYER, C.J.  This affidavit of disqualification was filed by the defendants in the above-captioned case seeking the disqualification of Judge Brian J. Corrigan and the entire "bench of the Court of Common Pleas of Cuyahoga County" from the case.  Affiants request the appointment of an "out-of-county" judge to preside in this matter.

The underlying action names, as defendants, several securities dealers and a bank and arises from the loss of funds invested in the Cuyahoga County "Secured Assets Fund Earnings" ("SAFE") program.  Plaintiffs allege that these funds were lost as a result of the negligent or fraudulent activities of the defendants. In support of their affidavit of disqualification, affiants contend that SAFE program losses required Cuyahoga County to reduce the budgets of county-funded offices and that the operations of the Cuyahoga County Court of Common Pleas were affected adversely by these budget reductions.  As a result of these budget reductions, affiants claim that the judges of the court of common pleas have an interest in the outcome of this action and that the continued participation in this case of Judge Corrigan and all other Cuyahoga County judges creates an appearance of impropriety and erodes the public's confidence in the integrity of the judicial system.

By entry dated January 10, 1996, Judge Brian Corrigan recused himself from this case, and the case has been returned to the administrative judge of the general division for reassignment.  As a result of his recusal, the affidavit of disqualification against Judge Corrigan is moot.  However, since the affidavit raises general allegations regarding the ability of other Cuyahoga County judges

to preside in this action, I will address those allegations to avoid further delays in this matter.

Affiants claim that the impact of the budget reductions on common pleas court operations creates a reasonable question regarding the impartiality of all common pleas court judges in Cuyahoga County, and further contend that the judges of the court of common pleas should be disqualified to avoid the appearance of impropriety and ensure the confidence of the public in the integrity of these proceedings. These contentions appear to be grounded in the high profile nature of the underlying action and the impact that the alleged conduct of the defendants had on the working environment of the judiciary in Cuyahoga County.

I have reviewed the record before me, including materials outlining the specific budget reductions made by the court in response to the SAFE program losses and several newspaper articles in which representatives of the court of common pleas are quoted regarding the specific impact that these budget reductions would have on court and court-related operations. Included among these materials and statements are:

● Comments that budget reductions would have a "ripple" effect on court and court-related programs;

● Comments that the probation department reductions would impact on community safety;

● References to specific budget reductions, including salary freezes for existing court employees, a deferred and reduced hiring policy affecting more than thirty-five court positions, delayed courthouse construction and renovation, elimination of out-of-state travel to continuing education seminars for judges and court staff, and reduction in assigned counsel fees.

Without question, the budget reductions specifically attributed to SAFE programs losses, combined with the growing caseload in Cuyahoga County, would have an adverse impact on the working environment of every common pleas court judge in Cuyahoga County. While this impact does not affirmatively establish the existence of bias, prejudice, or other interest that mandates disqualification, I conclude that the disqualification of all Cuyahoga County judges is warranted in order to ensure the confidence of the public and the parties in the integrity of these proceedings and to avoid even the appearance of impropriety.

Accordingly, the affidavit of disqualification is found well taken and all judges of the Cuyahoga County Court of Common Pleas are disqualified. I will assign Retired Judge Joseph B. Grigsby to preside over these proceedings.