[Cite as *In re Disqualification of Glickman*, 100 Ohio St.3d 1217, 2002-Ohio-7471.]

Opinion in Chambers, per Moyer, C.J.

**IN RE DISQUALIFICATION OF GLICKMAN.**

**CUYAHOGA COUNTY BOARD OF COMMISSIONERS *v*. THE STATE OF OHIO ET AL.**

**[Cite as *In re Disqualification of Glickman*, 100 Ohio St.3d 1217, 2002-Ohio-7471.]**

*Judges — Affidavit of disqualification — Affidavit seeking disqualification of all common pleas judges of Cuyahoga County not timely, when — Affidavit denied.*

(No. 02-AP-022 — Decided March 19, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Common Pleas Court case No. 448900.

_____

**MOYER, C.J.**

**{¶1}** This affidavit of disqualification filed by Alan Schwepe and Juliane Barone, counsel for defendants, seeks the disqualification of Judge Robert Glickman and all judges of the Cuyahoga County Court of Common Pleas, from further proceedings regarding the above-captioned matter.

**{¶2}** The underlying case involves a lawsuit filed by the Cuyahoga County Commissioners against the Department of Job and Family Services, Governor Bob Taft, and Ohio Budget Director Tom Johnson, in which the plaintiff-commissioners essentially challenge the reduced Temporary Assistance to Needy Families ("TANF") funding allocated by the state to Cuyahoga County for the current fiscal year.

**{¶3}** Affiants contend that the state's reduction in TANF funding, together with declining county revenues, have required the plaintiffs to reduce county budgets for fiscal year 2002. Included among these reductions is a reduction in funds allocated to the court of common pleas in the current year. Affiants reference newspaper articles in which the court's administrative judge states that there is no room for reduction in the court's budget and has made comments regarding the impact of the proposed county budget reductions on court operations. Affiants maintain that the county's budget reductions and the state's TANF funding reductions have been "inextricably linked" in the public and press and that no Cuyahoga County judge can preside over this case without giving an appearance of impropriety.

**{¶4}** Affiants also note that Judge Glickman conducted a scheduling conference and hearing on February 12, 2002, relative to their motion for a change of venue. Prior to that hearing, Judge Glickman indicated that he had been contacted by one of the commissioners, who informed the judge that a number of county agency representatives would be in attendance at the venue hearing. Affiants state that the hearing was conducted in the courtroom, before more than 100 spectators, including county commissioners, representatives of county agencies, and the media, many of whom applauded when Judge Glickman announced that he was overruling the motion for a change in venue. Affiants claim that the manner in which this hearing was conducted emphasizes the perception of bias and partiality that exists by virtue of having a Cuyahoga County judge remain on the case.

**{¶5}** In response to the affidavit, Judge Glickman denies any bias or prejudice regarding his consideration of the underlying matter and states that he is unaware of links between TANF funding reductions and reductions in the budgets of the county and court of common pleas. Judge Glickman further states that the hearing on the change-of-venue motion was properly conducted in the courtroom,

as are all motion hearings at which the parties are in attendance, and that he admonished spectators who applauded his ruling on the motion.

{¶6} Affiants rely on *In re Disqualification of Corrigan* (1996), 77 Ohio St.3d 1235, 674 N.E.2d 350, in support of their claim of disqualification. *Corrigan* involved a civil case that sought recovery of county funds that were invested by the county treasurer. In that case, county agencies and offices, including the court of common pleas, were subjected to significant budget reductions as a result of lost investment funds. Moreover, representatives of the court of common pleas were quoted extensively in the media as to the impact that the budget reductions would have on the operations of the court. Although Judge Corrigan recused himself from the case, all Cuyahoga County judges were disqualified to avoid the appearance of impropriety.

{¶7} Although *Corrigan* is relevant to consideration of the pending affidavit, there are circumstances that distinguish this matter from *Corrigan*. In *Corrigan*, affiants promptly sought the disqualification of Judge Corrigan and his colleagues upon becoming aware of a possible link between the substance of the underlying case and budget reductions ordered by the county commissioners, and the impact those reductions would have on court operations. Here, affiants admit that they were aware in late 2001 of the public perception, largely reflected in media reports, that reductions in TANF allocations would have an adverse impact on the operation of county government and the court of common pleas. However, affiants did not seek the disqualification of the trial judge and his colleagues until Judge Glickman rendered an adverse ruling on their motion for a change in venue. If affiants believed that a link existed between TANF funding allocations to Cuyahoga County and the county's budget and that this real or perceived link created an appearance of impropriety, affiants could have sought the disqualification of the Cuyahoga County judiciary in a more timely fashion and well in advance of the February 12, 2002 hearing.

**{¶8}** Affiants could not defer their decision to request judicial qualification based on an assumption that the judge would rule favorably on their pending venue motion, thereby obviating the need to seek disqualification of the Cuyahoga County bench. The fact that affiants did not file their affidavit in advance of the February 12 hearing suggests that they continued to believe, as stated in their October 2001 Memorandum Contra Plaintiff's Motion for Recusal, that Judge Glickman could remain impartial and that his participation did not create an appearance of impropriety. Only after the change-of-venue motion was overruled did affiants contend that the alleged TANF-budget link created an appearance of impropriety, which suggests that the adverse decision is what prompted the disqualification request.

**{¶9}** Affiants also reference events at the February 12, 2002 hearing that demonstrate the appearance of impropriety that allegedly will exist should a Cuyahoga County judge remain on this case. Having reviewed the various characterizations of that hearing that are contained in the record, I find nothing in the manner in which that hearing was conducted that would merit Judge Glickman's disqualification.

**{¶10}** For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Glickman.

_____