IN RE DISQUALIFICATION OF OSOWIK ET AL.

THE STATE OF OHIO *v.* NOE.

[Cite as *In re Disqualification of Osowik,*
117 Ohio St.3d 1237, 2006-Ohio-7224.]

(No. 06–AP–019—Decided March 8, 2006.)

MOYER, C.J.

{¶ 1} Defendant Thomas W. Noe has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Thomas J. Osowik and all other judges in Lucas County from acting on any further proceedings in case No. CR06–1348 in the Court of Common Pleas of Lucas County.

{¶ 2} Noe recounts in his affidavit his many efforts to unseat judges in Lucas County who have run as Democrats in primary elections, and he describes Judge Osowik and nearly all of the judges in the county as his "political enem[ies]." Noe explains that he served as a Republican member of the board of elections in Lucas County from 1993 until 2003 and served as chairman of the county Republican Party from 1992 until 1995. He contends that he has contributed the maximum amount of money allowed by law to nearly every Republican judicial candidate in the county, and he believes that no one else has given more money to Republican judicial candidates in Lucas County since the early 1990s than he has. Noe also notes that he and his wife strongly supported Judge Osowik's election opponent in 2004 and assisted in the filing of a grievance against the judge in the 1990s for an alleged ethical violation.

{¶ 3} Judge Osowik has responded in writing to the affidavit. He denies holding any bias or prejudice against the defendant, denies any knowledge of the grievance mentioned in the affidavit, and contends that his most recent judicial campaign in 2004 was not acrimonious and will not affect his ability to serve fairly and impartially in this case. He explains that he set the amount of the

defendant's bond last month in accordance with Crim.R. 46 and was not influenced by any personal political concerns or the high-profile nature of the case.

{¶ 4} Administrative Judge Bates has responded to the affidavit as well. He states that other judges in Lucas County can hear the case if Judge Osowik cannot.

{¶ 5} After reviewing the affidavit and the responses to it, I find no basis for ordering the disqualification of Judge Osowik. I have in the past "decline[d] to establish a far-reaching rule that mandates the recusal or disqualification of a judge merely because a party to or a lawyer in the underlying case campaigned for or against the judge." *In re Disqualification of Celebrezze* (1991), 74 Ohio St.3d 1231, 1232, 657 N.E.2d 1341. See, also, Flamm, Judicial Disqualification (1996) 194, Section 6.5; *In Disqualification of Cleary* (1996), 77 Ohio St.3d 1246, 1247, 674 N.E.2d 357 ("the fact that a party or lawyer in a pending case campaigned for or against the judge is not grounds for disqualification"). I have likewise explained that "a judge is not disqualified solely because a party or counsel in a pending case has filed a grievance against the judge." *In re Disqualification of Krueger* (1995), 74 Ohio St.3d 1267, 1268, 657 N.E.2d 1365.

{¶ 6} In this case, there is no suggestion that Judge Osowik has done or said anything that might convey personal bias or prejudice against the defendant, and the judge has offered his assurances that he can preside fairly and impartially. The fact that the defendant may have opposed the judge's bid for elected office is insufficient to warrant disqualification, absent some evidence of actual bias. The same is true of the defendant's role in the filing of a grievance against the judge in the 1990s. We elect judges in Ohio, and we must ordinarily assume that an attorney's or a party's vocal opposition to the election of a judge will not cause that judge to harbor bias when the attorney or the party later appears before the judge. Flamm, supra. No evidence in the record before me calls that ordinary assumption into doubt.

{¶ 7} The defendant's use of the term "political enemy" to describe Judge Osowik and other judges in Lucas County perhaps reflects the defendant's own views about the judges, but it tells us nothing about Judge Osowik's views of the defendant. The judge's response to the affidavit *does* provide information about the judge's views, and that response conveys no "hostile feeling or spirit of ill will," *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 469, 58 O.O. 315, 132 N.E.2d 191, and does not suggest that the judge has reached a "fixed anticipatory judgment" that will prevent him from hearing the case with "an open state of mind * * * governed by the law and the facts." Id. The information in the judge's response in fact suggests that he is dedicated to providing equal justice under law to all persons and that he takes seriously his responsibility to be fair and to give the appearance of being fair.

{¶ 8} "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis,* 105 Ohio St.3d 1239, 2004-Ohio-7359, 826 N.E.2d 299 (citing Canon 3(E)(1) of the Ohio Code of Judicial Conduct). In the absence of any transcripts reflecting any hostility or any fixed views on the judge's part about the defendant or the facts of this case, and in light of the judge's assurances about his willingness and ability to serve fairly, I find no grounds to disqualify him. As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Osowik.