IN RE DISQUALIFICATION OF MAYBERRY.

THE STATE OF OHIO *v*. HOOK.

[Cite as *In re Disqualification of Mayberry,*

127 Ohio St.3d 1238, 2009-Ohio-7198.]

*Judges — Affidavit of disqualification — Disqualification denied.*

(No. 09-AP-102 — Decided November 4, 2009.)

ON AFFIDAVIT OF DISQUALIFICATION in Wood County Court of Common Pleas

Case No. 2009-CR-08-271.

_____

**MOYER, C.J.**

{¶ 1}  Drew A. Hanna, counsel for the defendant, Denise Hook, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Alan R. Mayberry from further proceedings in case No. 2009-CR-271, a criminal matter in the Court of Common Pleas of Wood County.

{¶ 2}  Hanna states that on August 28, 2009, Judge Mayberry showed him a letter that the judge had received from a witness for the state.  According to Hanna, the witness attacked the defendant in the letter and asserted facts as to her guilt.  Hanna believes that Judge Mayberry should be disqualified because he may have been influenced by the letter, particularly because the defendant waived a jury trial and the judge would now be the trier of fact.

{¶ 3}  Judge Mayberry has responded in writing to the concerns raised in the affidavit.  The judge admits that on August 18, 2009, he received a letter from Darrin Hook, who stated that he was the defendant's husband.  The judge explains that he disclosed his receipt of the letter at the next pretrial and allowed Hanna and the prosecutor to read the letter.  The judge states that he did not know that Mr. Hook would be a witness in the case until after he received the letter.

Moreover, the judge notes that no issues have been addressed regarding Mr. Hook's ability to testify against his wife. The judge also notes that defendant decided to waive a jury trial and try the case to the court after having notice of the letter. Finally, Judge Mayberry maintains that he has not been influenced by the letter and will not consider any information contained therein in presiding over defendant's case.

{¶ 4} For the following reasons, I find no basis for ordering the disqualification of Judge Mayberry. First, it is well settled that an affidavit of disqualification must be filed as soon as possible after the affiant becomes aware of circumstances that support disqualification, and the failure to do so may result in waiver of the objection. *In re Disqualification of Pepple* (1989), 47 Ohio St.3d 606, 546 N.E.2d 1298. Attorney Hanna has known about the letter since August 28, 2009. Yet Hanna waited nearly two months, until October 21, 2009, before filing the affidavit of disqualification with this court. If Hanna believed that the letter warranted the judge's disqualification, he should have filed the affidavit in a more timely fashion. Moreover, the fact that Hanna decided – after becoming aware of the letter – to try defendant's case to the bench undercuts his claim that Judge Mayberry has been improperly influenced by the letter. See *In re Disqualification of Glickman*, 100 Ohio St.3d 1217, 2002-Ohio-7471, 798 N.E.2d 5.

{¶ 5} Second, Judge Mayberry's receipt of the letter does not compel his disqualification. Judges often receive letters from interested nonparties attempting to persuade the judge to their viewpoint or to bring information to the court's attention. See *State ex rel. Beacon Journal Pub. Co. v. Whitmore* (1998), 83 Ohio St.3d 61, 63, 697 N.E.2d 640. Because it is not reasonable to expect a trial judge to control all correspondence that is sent to the judge by persons interested in a pending case, I have previously advised judges to promptly notify the parties upon receipt of any ex parte communication and inform them of the

substance of the communication. *In re Disqualification of Pontious* (2001), 94 Ohio St.3d 1235, 763 N.E.2d 603. Notification affords the parties an opportunity to respond to the ex parte communication and place any objections on the record. See generally Rule 2.9(B) of the Code of Judicial Conduct.

{¶ 6} Judge Mayberry followed this practice to the letter in this case. He promptly disclosed his receipt of the letter and allowed counsel to examine its contents. Thus, I see no bias or prejudice to any of the parties flowing from the judge's receipt of the ex parte letter. See *In re Disqualification of Stucki*, No. 09-AP-083 (rejecting a similar allegation where judge received an unsolicited letter and no evidence existed that judge had considered the letter). On the record before me, no reasonable and objective observer would harbor serious doubts about Judge Mayberry's impartiality. *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (setting forth the proper test for disqualifying a judge).

{¶ 7} As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 8} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Mayberry.

_____