IN RE DISQUALIFICATION OF FLOYD.

IN RE J.K.

IN RE D.C.J.

[Cite as *In re Disqualification of Floyd,* **135 Ohio St.3d 1204,**

**2012-Ohio-6353.**]

*Judges—Affidavit of disqualification—R.C. 2701.03—Affiant opposed judge in*
*"contentious" primary election—Affiant has failed to demonstrate beyond*
*mere speculation that judge harbors actual bias or prejudice—Affidavit*
*denied.*

(Nos. 12-AP-060 and 12-AP-069—Decided August 10, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common
Pleas, Juvenile Division, Case Nos. AD10915427 and CU03109953.

_____

**O'CONNOR, C.J.**

{¶ 1} Attorney John H. Lawson has filed two affidavits with the clerk of
this court under R.C. 2701.03 seeking to disqualify Judge Alison L. Floyd from
acting on any further proceedings in case Nos. AD10915427 and CU03109953 in
the Juvenile Division of the Court of Common Pleas of Cuyahoga County.
Lawson also requests a "standing order" that disqualifies Judge Floyd from any
matter in which Lawson represents a party.

{¶ 2} Lawson and Judge Floyd were opponents in the March 2012
primary election for Judge Floyd's juvenile court seat. Because of the
"contentious nature of the campaign," Lawson claims that Judge Floyd's
impartiality "might reasonably be questioned" in the two underlying cases, as well
as all future cases involving Lawson as counsel.

**{¶ 3}** Judge Floyd has responded in writing to the concerns raised in the affidavits, stating that she "takes seriously her solemn obligation to perform her judicial duties impartially" and "harbors no hostile feelings against affiant [or] his clients."

**{¶ 4}** Joseph J. Triscaro, opposing counsel to Lawson in case No. CU03109953, has also filed an affidavit and memorandum. Triscaro asserts that Judge Floyd has presided over the matter for eight years and that it would be "extremely prejudicial" to his client if Judge Floyd were now disqualified after such a lengthy and complex proceeding.

**{¶ 5}** For the following reasons, no basis has been established for ordering disqualification of Judge Floyd.

### *In re J.K.*, case No. AD10915427

**{¶ 6}** It is well established that "a judge ordinarily will not be disqualified based solely on the fact that a lawyer in a pending case is or has been the judge's election opponent." *In re Disqualification of Maschari*, 88 Ohio St.3d 1212, 1213, 723 N.E.2d 1101 (1999), citing *In re Disqualification of Burnside*, 74 Ohio St.3d 1240, 657 N.E.2d 1346 (1992). *See also In re Disqualification of Krueger*, 74 Ohio St.3d 1267, 1268, 657 N.E.2d 1365 (1995) ("Affiant has failed to demonstrate the existence of bias or prejudice based on the fact that she and Judge Krueger were opponents in the previous election"); *In re Disqualification of Osowik*, 117 Ohio St.3d 1237, 2006-Ohio-7224, 884 N.E.2d 1089, ¶ 6 ("The fact that the defendant may have opposed the judge's bid for elected office is insufficient to warrant disqualification, absent some evidence of actual bias"). This court has also held, however, that disqualification may be warranted where a "combination of factors" creates an "appearance of impropriety." *Maschari* at 1213. For example, in *Maschari*, the affiant was not only the judge's previous election opponent, but the affiant would likely be a witness in any disciplinary

proceeding against the judge. *Id.* Under this unique "combination of factors," an appearance of impropriety existed, which mandated disqualification. *Id.*

{¶ 7} Lawson relies on the *Maschari* decision to support disqualification, but he has failed to demonstrate that a similar unique combination of factors exists here. In the underlying case, Lawson represents the mother in a child-custody proceeding. Lawson alleges that Judge Floyd's ability to remain impartial may be "reasonably questioned" based on the following: (1) Judge Floyd denied Lawson's motion for recusal, which is "inconsistent" with recusal decisions in two other cases involving Lawson, (2) Judge Floyd's supporters during the campaign "attempted to intimidate" Lawson's supporters, including a "key member" of Lawson's campaign committee, (3) Judge Floyd received "negative publicity" during the campaign, including several articles in the Cleveland Plain Dealer endorsing Lawson over Judge Floyd, and (4) the election was "hotly contested," with Lawson making "highly critical" public comments about Judge Floyd.

{¶ 8} Only the first allegation suggests that Judge Floyd's own actions convey a personal bias against Lawson, i.e., Judge Floyd's allegedly "inconsistent" recusal orders. However, it has long been held that a judge's voluntary removal from an earlier case does not by itself support disqualification from another unrelated case involving that same party. *In re Disqualification of Martin*, 74 Ohio St.3d 1221, 657 N.E.2d 1334 (1990). Moreover, Judge Floyd has thoroughly explained her decisions to step aside in the two unrelated cases involving Lawson. In the first case, Judge Floyd recused herself because one of the parties sought sanctions against Lawson during the election campaign. In the second case, Judge Floyd recused herself because the best interests of the child necessitated that the juvenile court case continue without interruption by a lengthy disqualification proceeding. Lawson has failed to demonstrate that the same disqualifying interests present in those cases are present in the underlying case

here, and therefore he has failed to demonstrate any inconsistency in Judge Floyd's decisions. In an affidavit-of-disqualification proceeding, the burden falls on the affiant to submit sufficient evidence and argument demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1) (requiring affiant to include specific allegations of bias, prejudice, or disqualifying interest and the facts to support those allegations). Lawson has not met that burden here.

{¶ 9} Similarly, Lawson has failed to substantiate his claim that Judge Floyd's supporters intimidated a key member of his campaign. As an initial matter, this allegation is not directed against Judge Floyd's conduct, but that of her supporters. Further, Lawson failed to set forth evidence to support his allegation, which is generally required in affidavit-of-disqualification proceedings. *See, e.g.*, *In re Disqualification of Crow*, 91 Ohio St.3d 1209, 741 N.E.2d 137 (2000) (denying affidavit where affiants failed to provide supporting affidavits from participants in alleged improper conversations). Lawson has not included a third-party affidavit from this "key member" of his campaign to substantiate the claim. Vague or unsubstantiated allegations, such as those alleged here, are insufficient to establish bias or prejudice. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 10} The only remaining allegations are Lawson's claims that he was "highly critical" of Judge Floyd during the campaign and that Judge Floyd received "negative publicity." Lawson speculates that because of these facts, Judge Floyd will not remain impartial to him in future proceedings. Such speculation, however, cannot demonstrate bias or an appearance of bias. *See, e.g.*, *Burnside*, 74 Ohio St.3d at 1241, 657 N.E.2d 1346 (denying affidavit of judge's election opponent where he "speculates that the judge may demonstrate bias and prejudice against him, but offers no specific evidence or occurrence of events in support of this claim"). Lawson's allegations here do not suggest that Judge

4

Floyd has done or said anything that reflects bias, prejudice, or partiality on her part.

{¶ 11} Finally, in his rebuttal affidavit, Lawson claims that Judge Floyd's "self-serving statement" that she can remain impartial should not be accepted, and if it is, there is "no point" to these affidavit-of-disqualification proceedings. A judge's subjective belief as to his or her own impartiality is not the decisive factor in deciding disqualification requests. *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 11. However, the judge's own assessment is "entitled to some weight." *Id.* Here, Judge Floyd expressly states that she has no hostile feelings towards Lawson and that she is willing and able to serve impartially. Aside from speculation, Lawson has not set forth any compelling evidence to suggest that the presumption of impartiality afforded to all judges has been overcome. *See In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5 ("A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions"). Further, Lawson has failed to demonstrate the existence of a unique "combination of factors"—which were present in the *Maschari* case—warranting disqualification based on an appearance of impropriety.

{¶ 12} On the record here, it cannot be said that a "reasonable and objective observer would harbor serious doubts about the judge's impartiality * * *." *Lewis* at ¶ 8. Lawson's affidavit in case No. AD10915427 is, therefore, not well taken.

### *In re D.C.J.*, case No. CU03109953

{¶ 13} In *In re D.C.J.*, case No. CU03109953, Lawson represents the maternal grandparents of the minor child in a custody case against the child's father. After a seven-day trial, Judge Floyd issued an order in December 2011 designating the father as the legal custodian. Lawson subsequently filed an

appeal, which remains pending in the Eighth District Court of Appeals. On April 16, 2012, the father filed a motion in the juvenile court to modify the temporary custody arrangement during pendency of the appeal. Lawson opposed the motion and filed a motion for recusal. On May 30, 2012, Judge Floyd ordered that the father's motion be held in abeyance and granted the father leave to request a limited remand from the Eighth District so that Judge Floyd could decide the father's motions. On June 6, 2012, the appeals court denied the father's request for a limited remand. Judge Floyd has not ruled on Lawson's motion for recusal.

{¶ 14} To support disqualification, Lawson sets forth the same allegations against Judge Floyd as he set forth in the case discussed above. For the reasons explained in the preceding section, those allegations are insufficient to warrant disqualification.

{¶ 15} In addition, Lawson claims that Judge Floyd's May 30, 2012 order in this case and Judge Floyd's refusal to rule on Lawson's motion for recusal demonstrate her alleged prejudice against Lawson. An affidavit of disqualification, however, "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Indeed, it is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Accordingly, Lawson's dissatisfaction with Judge Floyd's May 30, 2012 order does not demonstrate prejudice. Likewise, Judge Floyd's refusal to rule on Lawson's motion for recusal is not grounds for disqualification. *See In re Disqualification of Eyster*, 105 Ohio St.3d 1246, 2004-Ohio-7350, 826 N.E.2d 304, ¶ 4 (a judge's action—or inaction—on a motion is within the judge's sound discretion and is not evidence of bias or prejudice). Moreover, nothing in the record suggests that Judge Floyd's refusal to rule on Lawson's motion is the result of prejudice. In

fact, Judge Floyd claims that because of Lawson's appeal to the Eighth District—and that court's denial of the father's request for a limited remand—she is divested of jurisdiction to rule on the pending motions.

{¶ 16} Judge Floyd has presided over this case for eight years, and it has long been held that absent extraordinary circumstances, a judge will not be disqualified after having presided over lengthy proceedings in a pending case. *In re Disqualification of Light*, 36 Ohio St.3d 604, 522 N.E.2d 458 (1988). No extraordinary circumstances are present here, as Lawson points to no action on the part of Judge Floyd that would demonstrate bias, prejudice, or a disqualifying interest. As in the case discussed above, on this record, no "reasonable and objective observer would harbor serious doubts about the judge's impartiality." *Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Lawson's affidavit in case No. CU03109953 is not well taken.

## Conclusion

{¶ 17} For the reasons stated herein, the affidavits of disqualification are denied. Lawson's request for a standing order is also denied. The cases may proceed before Judge Floyd.

———————————————