IN RE DISQUALIFICATION OF LAWSON.

J.C. *v.* S.C.

[Cite as *In re Disqualification of Lawson,* 135 Ohio St.3d 1243,

2012-Ohio-6337.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Disqualification of judge not warranted—Allegations of erroneous rulings cannot be litigated in disqualification proceeding—Affiant has failed to prove prejudice or bias.*

(No. 12-AP-126—Decided November 30, 2012.)

ON AFFIDAVIT OF DISQUALIFICATION in Lake County Court of Common Pleas,

Juvenile Division, Case No. 2008 CV 02029.

_____

**O'CONNOR, C.J.**

**{¶ 1}** S.C., mother of the children at issue, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Karen Lawson from presiding over any further proceedings in case No. 2008 CV 02029, a custody case pending in the Juvenile Division of the Court of Common Pleas of Lake County.

**{¶ 2}** S.C. alleges that Judge Lawson is biased and prejudiced against her and partial to J.C., father of the minor children. Specifically, S.C. alleges that the record below "identifies numerous violations of law, incorrect recording of facts and findings, omission of pertinent testimony, and a failure to find any fault in [J.C.]." S.C. further alleges that Judge Lawson has failed to promptly rule on her motions and has "impeded and thwarted" any investigation into the alleged abuse of her children. Finally, S.C. claims that Judge Lawson's numerous errors have created an appearance of impropriety.

**{¶ 3}** Judge Lawson has responded in writing to the concerns raised in the affidavit. Judge Lawson states that she harbors "no bias or prejudice for or against any party in the proceeding," and she further asserts that S.C. has not identified any particular instance of bias or prejudice, "other than what [S.C.] perceives as erroneous legal rulings."

**{¶ 4}** For the following reasons, no basis has been established to order the disqualification of Judge Lawson.

**{¶ 5}** First, Judge Lawson is correct in stating that S.C.'s affidavit is mainly a critique of Judge Lawson's legal rulings. For example, S.C. criticizes, at length, Judge Lawson's December 2009 and August 2012 custody decisions, claiming that Judge Lawson misinterpreted the testimony and misapplied the relevant case law. An affidavit of disqualification, however, is not the mechanism for determining whether a judge has complied with the law or, in this case, whether Judge Lawson's custody decisions were legally correct. *See In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 8. Rather, the issue in a disqualification proceeding is a narrow one: " 'The constitutional and statutory responsibility of the Chief Justice in ruling on an affidavit of disqualification is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case.' " *Id.* at ¶ 9, quoting *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098 (1999).

**{¶ 6}** It is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Similarly, a judge's action, or inaction, on a pending motion is within the judge's sound discretion and is not evidence of bias or prejudice. *In re Disqualification of Eyster*, 105 Ohio St.3d 1246, 2004-Ohio-7350, 826 N.E.2d 304, ¶ 4. Trial judges are entitled to exercise discretion in

2

ruling on many matters, and it is not the chief justice's role in deciding an affidavit of disqualification to second-guess each ruling. Any remedy for these and other legal claims lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

**{¶ 7}** In her rebuttal to Judge Lawson's response, S.C. asserts that she is not claiming bias based on "receiving adverse legal decisions," but instead on the "numerous direct violations of law and constitution[al] provisions." Again, whether Judge Lawson has violated the law cannot be litigated in an affidavit-of-disqualification proceeding. Procedures exist by which appellate courts may review and, if necessary, correct any legal errors. *Id.* at ¶ 6. S.C. also claims that the numerous adverse decisions against her create an appearance of impropriety. However, no reasonable and objective observer would question Judge Lawson's impartiality solely because she has decided more motions in J.C.'s favor than S.C.'s. A party is not entitled to a certain number of favorable rulings, and a judge must be free to make rulings on the merits without the apprehension that a disproportionate number of rulings in favor of one party will create the impression of bias toward that party or against its adversary. *See* Flamm, *Judicial Disqualification*, Section 16.3, 449 (2d Ed.2007). S.C.'s arguments in her rebuttal to Judge Lawson, therefore, are not well taken.

**{¶ 8}** Second, S.C. has failed to substantiate her claims. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). Generally, an affiant is required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein. *Compare In re Disqualification of Corrigan*, 77 Ohio St.3d 1235, 674 N.E.2d 350 (1996) (affiants submitted evidentiary materials showing that disqualification of all county common pleas judges was warranted) *with In re Disqualification of*

*Crow*, 91 Ohio St.3d 1209, 741 N.E.2d 137 (2000) (affiants failed to support their general allegations with third-party affidavits). S.C. cites numerous documents in the underlying case that allegedly demonstrate how Judge Lawson has misinterpreted the facts or misapplied the law. However, even assuming the relevance of this allegation, S.C. did not include any of these documents with her affidavit. Similarly, S.C. makes some serious accusations against Judge Lawson—such as her claim that Judge Lawson "impeded and thwarted any investigation" by Franklin County Children Services and her claim that Judge Lawson "deliberately swept under the rug" the abuse allegations. But S.C. failed to submit any evidence, beyond her affidavit, to support the allegations. Vague or unsubstantiated allegations are insufficient to establish bias or prejudice. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 9} In conclusion, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

{¶ 10} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Lawson.

————————————————