[Cite as *State v. Hall*, 2014-Ohio-416.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25858 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 13-CRB-759 |
| v. | : | |
| | : | |
| DANNY HALL, JR. | : | (Criminal Appeal from Montgomery |
| | : | County Municipal Court-Western |
| | | Division) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2014.

. . . . . . . . . . .

RAYMOND DUNDES, Atty. Reg. #0041515, 195 South Clayton Road, New Lebanon, Ohio 45345
    Attorney for Plaintiff-Appellee

BEN SWIFT, Atty. Reg. #0065745, Post Office Box 49637, Dayton, Ohio 45449
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Danny Hall appeals from his conviction and sentence on one count of domestic violence in violation of R.C. 2919.25(A).

{¶ 2}    In his sole assignment of error, Hall claims ineffective assistance of counsel

based on his attorney's failure to seek removal of the trial court judge from his case by filing an affidavit of disqualification under R.C. 2701.03.

{¶ 3} The record reflects that Hall expressed concern about the judge being biased and prejudiced against him before his bench trial started. His concern stemmed from a 2002 incident when he lost control in the same judge's courtroom. On that occasion, he knocked over a table before being restrained. In the present case, the judge had Hall handcuffed and shackled due to the prior incident. (July 3, 2013 Tr. at 4-6).

{¶ 4} After defense counsel conveyed Hall's concerns, the judge responded:

Well, first of all, this is the first time since this matter was filed on June 5th. The Defendant was arraigned by me on June 7th, that anyone has raised the issue of recusal.

I do not have any particular animosity towards this Defendant. I am aware of his prior actions. They occurred in my courtroom.

So, given that this has been pending for—since June 5th, that speedy trial requires us to get this done within 30 days, which causing—has remained in custody, there has been no prior suggestion that the Court should recuse itself.

That motion to recuse is denied.

Secondly, as to the restraints that are being used today, first of all I'd note for the record this is not a jury trial. This is a bench trial. So, the negative [e]ffects of the restraints are less.

Secondly [sic], given the past behavior of the incident in 2002 where the Defendant did become angry in the courtroom and knocked over a table and had to

be restrained by at least three or four officers, I think that it's important that we

maintain order in the courtroom, and I don't want to have a repetition of that kind

of behavior.

So the restraints will continue.

(*Id*. at 5-6).

{¶ 5}   On appeal, Hall argues that his attorney should have filed a formal affidavit of disqualification with the Ohio Supreme Court pursuant to R.C. 2701.03 and that failure to do so constituted ineffective assistance of counsel. Hall claims the judge was biased and prejudiced against him based on the 2002 incident. He asserts that this ill will is evidenced by the judge's decision to make him wear handcuffs and shackles in the present case. For these reasons, Hall contends the record establishes ineffective assistance of counsel and the lack of a fair trial.

{¶ 6}   To prevail on his ineffective-assistance claim, Hall must show that his attorney's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice exists where "there is a reasonable probability that, but for counsel's deficient performance, the outcome would have been different." *Id.* at 694. On the record before us, we see no ineffective assistance of counsel.

{¶ 7}   As a threshold matter, we note that the disqualification statute applicable in Hall's case would be R.C. 2701.031, which involves the removal of municipal or county court judges. The statute he cites in his appellate brief, R.C. 2701.03, pertains to the removal of common pleas court judges. Under R.C. 2701.031, affidavits seeking disqualification of municipal or county court judges are reviewed by a common pleas court and are to be filed seven calendar days before

the hearing. Under R.C. 2701.03, affidavits seeking disqualification of common pleas judges are reviewed by the Ohio Supreme Court.

{¶ 8} In any event, defense counsel reasonably may have determined that obtaining disqualification of the trial court  judge under R.C. 2701.031 was unlikely. For that reason, counsel's failure to file an affidavit of disqualification fell within the range of reasonable professional assistance and did not constitute deficient performance. *Cf. State v. Grant*, 8th Dist. Cuyahoga No. 94101, 2010-Ohio-5241, ¶ 11 (opining "that trial counsel's decision not to proceed with a formal motion for disqualification could be deemed a trial tactic, one that this court will not second-guess"); see also *State v. King*, 2d Dist. Montgomery No. 18463, 2002 WL 1332565, *5 (June 14, 2002) ( recognizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

{¶ 9} In reaching our conclusion, we note that "[s]tate and federal courts have been virtually unanimous in holding that—absent a showing of actual bias—a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties.*" In re Disqualification of Aubry*, 117 Ohio St.3d 1245, 2006-Ohio-7231, 884 N.E.2d 1095, ¶ 7. Moreover, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.

{¶ 10} Here nothing establishes that the judge exhibited any bias or prejudice against Hall in the prior case or that any ill will tainted the current proceeding. The judge reasonably

reacted to Hall's outburst in the prior case by having him restrained. Given the violent nature of Hall's conduct in that case, we are unable to find that the judge acted improperly by having Hall restrained in the present proceeding, which involved a bench trial. We will not infer bias or prejudice based on the fact that the judge observed the prior outburst and took precautions to prevent a recurrence.

{¶ 11} We note too the judge's statement that he harbored no "particular animosity" toward Hall. Although "[a] judge's subjective belief as to his or her own impartiality is not the decisive factor in deciding disqualification requests[,]" a "judge's own assessment is 'entitled to some weight.'" *In re Disqualification of Floyd*, 135 Ohio St.3d 1204, 2012-Ohio-6353, 985 N.E.2d 488, ¶ 11, quoting *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 11. Here we see no evidence to overcome the judge's profession of impartiality or the presumption of a lack of bias. Hall's attorney reasonably may have reached the same conclusion. Therefore, defense counsel did not render ineffective assistance by failing to file an affidavit of disqualification under R.C. 2701.031.

{¶ 12} Hall's assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Raymond Dundes
Ben Swift
Hon. James L. Manning

Case Name:     *State of Ohio v. Danny Hall, Jr.*
Case No:                 Montgomery App. No. 25858

Panel:                Donovan, Hall, Welbaum
Author:              Michael T. Hall