IN RE DISQUALIFICATION OF HURLEY.

SCHOENFELD *v.* SCHOENFELD.

[Cite as *In re Disqualification of Hurley,*
142 Ohio St.3d 1278, 2014-Ohio-5874.]

(No. 14–AP–112—Decided December 19, 2014.)

_____

O'CONNOR, C.J.

{¶ 1} Mark J. Donatelli, co-counsel for defendant Chris Schoenfeld, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Steven L. Hurley from presiding over any further proceedings in case No. 2006–DR–0026 in the Domestic Relations Division of the Greene County Court of Common Pleas.

{¶ 2} Donatelli claims that Judge Hurley should be removed from the underlying case for the following reasons: (1) Donatelli unsuccessfully ran against the judge in the May 2014 primary election, (2) during the primary election campaign and in every case since then, Judge Hurley has recused himself from cases initiated by Donatelli, (3) defendant Schoenfeld's family trust financially contributed to Donatelli's campaign, and (4) some of the judge's recent rulings, such as his denial of Schoenfeld's request for a continuance, demonstrate that the judge is biased against Donatelli and Schoenfeld.

{¶ 3} Judge Hurley has responded with his own affidavit. The judge acknowledges that he has recused himself from Donatelli's other cases, but the judge states that he made that decision "based on the princip[le] of 'not giving the appearance of impropriety or unfairness'" to Donatelli's clients—not because he cannot apply the law fairly in cases involving Donatelli. Judge Hurley further states that he did not recuse himself from the underlying matter because of "overriding circumstances." Specifically, Judge Hurley states that the case is scheduled for a continuation of a hearing that commenced on September 11, 2014, and that at the time of that hearing, Schoenfeld had not yet added Donatelli as co-counsel. Under these circumstances, the judge believes that his recusal is not in the best interests of the parties' minor children because he has already heard a

half-day's testimony and reassignment to a new judge would delay the proceedings, which, according to Judge Hurley, "ha[ve] been pending for too long already." Additionally, Judge Hurley notes that before receiving the affidavit of disqualification, he was not aware that Schoenfeld had supported Donatelli's campaign for judicial office.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Hurley.

{¶ 5} First, it is well established that a judge ordinarily will not be disqualified based solely on the fact that a lawyer in a pending case was the judge's election opponent. *In re Disqualification of Floyd*, 135 Ohio St.3d 1204, 2012-Ohio-6353, 985 N.E.2d 488, ¶ 6. A judge, however, could be disqualified if there are facts in the record—such as circumstances arising out of an election campaign—that would cause the judge's impartiality to be reasonably questioned. *See, e.g., In re Disqualification of Maschari*, 88 Ohio St.3d 1212, 723 N.E.2d 1101 (1999) (a judge was disqualified from all cases involving her previous election opponent where a unique "combination of factors," including that the affiant would likely be a witness in any disciplinary proceeding against the judge, created an appearance of impropriety). Here, Donatelli states that the election between him and Judge Hurley was "bitterly contested" and that during the campaign, the judge sent an e-mail to local bar-association members accusing Donatelli of "dirty campaign tactics and of filing false statements in campaign literature." Donatelli also states that one of the judge's public supporters filed a complaint against Donatelli with the Ohio Elections Commission. Donatelli, however, did not submit a copy of the alleged e-mail with his affidavit, nor did he indicate how Judge Hurley was involved in the complaint before the elections commission. For his part, Judge Hurley avers that he has no memory of sending any such e-mail to bar-association members and that he was not part of the election complaint against Donatelli. In disqualification matters, the burden falls on the affiant to prove judicial bias, R.C. 2701.03(B)(1), and a "presumption of impartiality" is "accorded all judges," *In re Disqualification of Celebrezze*, 101 Ohio St.3d 1224, 2003-Ohio-7352, 803 N.E.2d 823, ¶ 7. Based on this record, Donatelli has not demonstrated that his election history with Judge Hurley has created an appearance of impropriety warranting the judge's removal from the underlying matter.

{¶ 6} Second, the fact that Judge Hurley recused himself from previous cases initiated by Donatelli does not require the judge's disqualification here. To be sure, a trial judge cannot, without reasonable explanation, recuse himself from a number of cases involving an attorney but at substantially the same time decline to recuse himself from an indistinguishable case involving that same attorney. *See In re Disqualification of Burge*, 138 Ohio St.3d 1271, 2014-Ohio-1458, 7 N.E.3d 1211, ¶ 7–8 (once a trial judge recused himself from all of an attorney's

cases, he could not then pick and choose, without reasonable justification, which cases to hear involving that attorney). Here, Judge Hurley has set forth a reasonable explanation for why he did not recuse himself from the underlying proceeding. According to Judge Hurley, the case is scheduled for a continuation of a hearing in which he has already heard a half-day's testimony, and at the time of the previous hearing, Schoenfeld had not yet added Donatelli as co-counsel. It is well settled that "where an affidavit is filed after the commencement of a trial and after the presentation of evidence has begun, a judge should be disqualified only where the record clearly and unquestionably demonstrates 'a fixed anticipatory judgment' * * * that undermines the absolute confidence of the public in the fairness and integrity of the proceedings." *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098 (1999), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Given Judge Hurley's response and the stage of the underlying litigation, the circumstances do not warrant disqualification.

{¶ 7} Third, Donatelli has not demonstrated that Judge Hurley is prejudiced against defendant Schoenfeld. It is generally accepted that absent some evidence of bias, the fact that a party may have opposed a judge's bid for elected office is insufficient to require the judge's disqualification. *In re Disqualification of Osowik*, 117 Ohio St.3d 1237, 2006-Ohio-7224, 884 N.E.2d 1089, ¶ 6; *In re Disqualification of Celebrezze*, 74 Ohio St.3d 1231, 1232, 657 N.E.2d 1341 (1991). Instead, affidavits of disqualification involving campaign issues are decided on a "case-by-case basis." *Celebrezze* at 1232. Here, Donatelli states only that Schoenfeld's family trust contributed to his campaign committee, but he has not further elaborated on the extent of Schoenfeld's participation. And Judge Hurley avers that he had no prior knowledge that Schoenfeld was involved in Donatelli's campaign. Without more, no reasonable or objective observer would question Judge Hurley's impartiality. Further, Donatelli's dissatisfaction with some of Judge Hurley's recent legal rulings—such as the judge's denial of a motion for continuance—is not grounds for disqualification. *See In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5 ("Adverse rulings, without more, are not evidence that a judge is biased or prejudiced").

{¶ 8} Finally, it must be noted that the affidavit-of-disqualification procedure was the appropriate legal forum for Donatelli to pursue these claims of judicial bias. In Judge Hurley's responsive affidavit, he concludes that one of Donatelli's statements—that the judge had not been impartial on numerous occasions—was a "direct attack upon [the judge's] integrity" and could be a violation of Prof. Cond.R. 8.2(a) (prohibiting a lawyer from making a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judicial officer). But as this court has

previously noted, " '[a]ttorneys should be free to challenge, in appropriate legal proceedings, a court's perceived partiality without the court misconstruing such a challenge as an assault on the integrity of the court.' " *Disciplinary Counsel v. Shimko,* 134 Ohio St.3d 544, 2012-Ohio-5694, 983 N.E.2d 1300, ¶ 32, quoting *United States v. Brown,* 72 F.3d 25, 29 (5th Cir.1995).

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Hurley.