O'Connor, C.J.
*1322 {¶ 1} Caryn M. Groedel, counsel for the defendant, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Robert P. Ruehlman from presiding over any further proceedings in the above-referenced case.
*1323 {¶ 2} Ms. Groedel claims that Judge Ruehlman is biased against her and her client-primarily because the judge has denied every "critical" motion she has filed and found her in contempt for failing to personally appear at a recent hearing. According to Ms. Groedel, the judge never docketed an entry requiring her attendance at the hearing and her local cocounsel appeared in her place.
{¶ 3} Judge Ruehlman has responded in writing to the affidavit and requests that it be denied. According to the judge, Ms. Groedel is lead counsel for the defendant but has failed to appear at several scheduled court events. Therefore, his staff, via e-mail, instructed all counsel to attend the recent hearing. Because Ms. Groedel did not appear, he found her in contempt.
{¶ 4} R.C. 2701.03(B) requires that an affidavit of disqualification be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside only "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date. In re Disqualification of Leskovyansky , 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999). Here, Ms. Groedel filed her affidavit of disqualification on October 30, 2018, although trial was scheduled to commence six days later. Ms. Groedel contends that she was unable to timely file the affidavit because some of Judge Ruehlman's complained-of conduct occurred at a hearing on the seventh day before trial. In light of Ms. Groedel's averments, the clerk properly accepted the affidavit for filing despite the seven-day requirement of R.C. 2701.03(B). See In re Disqualification of Squire , 110 Ohio St.3d 1202, 2005-Ohio-7157, 850 N.E.2d 709, ¶ 3.
{¶ 5} Turning to the merits, Ms. Groedel has failed to establish that Judge Ruehlman's disqualification is necessary. "It is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification. * * * Trial judges are entitled to exercise discretion in ruling on many matters, and it is not the chief justice's role in deciding an affidavit of disqualification to second-guess each ruling."
*1305 In re Disqualification of Lawson , 135 Ohio St.3d 1243, 2012-Ohio-6337, 986 N.E.2d 6, ¶ 6. Further, "[a] party is not entitled to a certain number of favorable rulings, and a judge must be free to make rulings on the merits without the apprehension that a disproportionate number of rulings in favor of one party will create the impression of bias toward that party or against its adversary." Id. at ¶ 7. If Ms. Groedel believes that Judge Ruehlman erred by finding her in contempt or by denying her motions, she may have other remedies, including appeal. But those issues cannot be litigated in an affidavit-of-disqualification proceeding.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Ruehlman.