O'Connor, C.J.
*1324 {¶ 1} John Metz, counsel for the plaintiffs, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 and 2743.041 seeking to disqualify Judge Patrick McGrath and Magistrate Holly Shaver from presiding over any further proceedings in the above-referenced case.
{¶ 2} Mr. Metz avers that Judge McGrath and Magistrate Shaver are biased against him and his clients based on a series of rulings in the underlying matter. Mr. Metz also asserts that Judge McGrath's legal decisions in a prior case demonstrated bias and prejudice against him.
{¶ 3} Judge McGrath has responded in writing to the affidavit and asserts that Mr. Metz's "baseless, unfounded allegations of unfairness, bias, or prejudice in response to adverse rulings" should be rejected.
{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge McGrath or Magistrate Shaver.
{¶ 5} First, " R.C. 2701.03 does not permit the chief justice to consider claims of bias or prejudice against magistrates," In re Disqualification of Celebrezze , 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499, ¶ 8, including magistrates for the court of claims. Therefore, Mr. Metz's request to disqualify Magistrate Shaver is dismissed.
{¶ 6} Second, Mr. Metz has not set forth sufficient grounds to disqualify Judge McGrath. "An affidavit of disqualification addresses the narrow issue of the possible bias or prejudice of a judge. It is not a vehicle to contest matters of substantive or procedural law * * *." In re Disqualification of Solovan, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Mr. Metz asserts that Judge McGrath "refuses to 'follow the law' * * * to achieve his personal biased results." But "[i]t is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous is not grounds for *1325 disqualification. * * * Trial judges are entitled to exercise discretion in ruling on many matters, and it is not the chief justice's role in deciding an affidavit *1306 of disqualification to second-guess each ruling." In re Disqualification of Lawson , 135 Ohio St.3d 1243, 2012-Ohio-6337, 986 N.E.2d 6, ¶ 6 ; see also In re Disqualification of Russo , 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 5 ("[a]dverse rulings, without more, are not evidence that a judge is biased or prejudiced"). Mr. Metz may have other remedies for his legal claims, but his mere disagreement with Judge McGrath's decisions is not an adequate reason to remove the judge for judicial bias.
{¶ 7} The affidavit of disqualification is denied. The case may proceed before Judge McGrath.