O'Connor, C.J.
*1294 {¶ 1} Plaintiff, Doug Woods, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 and 2701.031 seeking to disqualify Judge Deborah J. Nicastro from presiding over any further proceedings in the above-referenced cases.
{¶ 2} Mr. Woods claims that the court of appeals recently reversed Judge Nicastro's decisions in three of the underlying eviction cases and that since remand, the judge and her magistrates have treated him in a biased manner. For example, Mr. Woods asserts that the judge has either delayed issuing rulings or issued arbitrary decisions against him. In addition, Mr. Woods asserts that Judge Nicastro created an appearance of impropriety by participating in a television interview that was *259 aired in connection with a negative story involving Mr. Woods and his rental properties.
{¶ 3} Judge Nicastro has responded in writing to the affidavit and denies any bias or prejudice against Mr. Woods. The judge notes that to ensure the parties' confidence in the proceedings, she granted Mr. Woods's request to disqualify one of her magistrates. The judge also explains her rulings in the underlying cases. In addition, Judge Nicastro states that although she participated in a recent television interview about tenants' rights, the interview did not involve Mr. Woods, his properties, or any pending matter. The judge has no knowledge about whether her television interview aired in connection with a segment involving Mr. Woods.
{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Nicastro.
{¶ 5} First, it is well established that "a judge may preside over the retrial of a case even if that judge's rulings of law were reversed on appeal." In re Disqualification of Kimmel , 36 Ohio St.3d 602, 522 N.E.2d 456 (1987) ; see also *1295 In re Disqualification of Hurley , 113 Ohio St.3d 1228, 2006-Ohio-7229, 863 N.E.2d 630, ¶ 6 ("a judge may remain on a case that has been remanded from the court of appeals"). To support his claim of bias, Mr. Woods primarily asserts that since remand from the court of appeals, Judge Nicastro either has failed to promptly rule on pending motions or has ruled against him. But "a judge's action, or inaction, on a pending motion is within the judge's sound discretion and is not evidence of bias or prejudice." In re Disqualification of Lawson , 135 Ohio St.3d 1243, 2012-Ohio-6337, 986 N.E.2d 6, ¶ 6. And "it is well settled that a party's disagreement or dissatisfaction with a court's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification." In re Disqualification of Floyd , 135 Ohio St.3d 1204, 2012-Ohio-6353, 985 N.E.2d 488, ¶ 15. Considering Judge Nicastro's explanation for her recent conduct, Mr. Woods has failed to establish that the judge's actions are a product of bias against him.
{¶ 6} Second, the record does not establish that Judge Nicastro's recent television interview requires her disqualification. Jud.Cond.R. 2.11(A)(5) requires a judge's recusal when the judge "has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy." Judge Nicastro states that the interview involved general tenant-rights issues and that she did not discuss Mr. Woods's pending cases or any other matter. Mr. Woods has not alleged otherwise. That the television station may have aired the judge's interview along with a negative story regarding Mr. Woods does not, without more, require Judge Nicastro's disqualification from the underlying cases.
{¶ 7} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 8} The affidavit of disqualification is denied. The cases may proceed before Judge Nicastro.