[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 1215.]

IN RE DISQUALIFICATION OF MALONEY.

IN RE ESTATE OF MUSSER.

[Cite as *In re Disqualification of Maloney*, 1999-Ohio-10.]

*Judges—Affidavit of disqualification—Cooperation by judge with appropriate officials in the investigation of alleged criminal and ethical misconduct on the part of an attorney will not result in disqualification of that judge from cases in which that attorney may be participating.*

(No. 99-AP-090—Decided November 2, 1999.)

ON AFFIDAVIT OF DISQUALIFICATION in Mahoning County Probate Court case No. 1999 CI 00026.

_____

**MOYER, C.J.**

{¶ 1} This affidavit of disqualification and supplemental affidavit filed by Richard Goldberg and his attorney, J. Gerald Ingram, who is representing affiant Goldberg in various proceedings before Judge Timothy P. Maloney, seek the disqualification of Judge Maloney from the above-referenced case and additional cases in which Goldberg served as counsel of record or participated in as an attorney or litigant. On September 10, 1999, the Supreme Court imposed an interim remedial suspension from the practice of law against Goldberg pursuant to Gov.Bar R. V(5a). See *In re Goldberg* (1999), 86 Ohio St.3d 1480, 716 N.E.2d 213. The interim remedial suspension was predicated on allegations that Goldberg had engaged in disciplinary violations that posed a substantial threat of serious harm to the public.

{¶ 2} Affiants make numerous allegations that Judge Maloney harbors a bias and prejudice against Goldberg that is driven by "personal hatred and revenge." Having considered these allegations, Judge Maloney's response to them, and a

confidential affidavit filed on October 29, 1999 by the Disciplinary Counsel in response to certain actions attributed to the Disciplinary Counsel by Goldberg, I do not conclude that Judge Maloney is biased or prejudiced against Goldberg or that his disqualification is warranted.  Judge Maloney's actions in the underlying cases appear to have been taken in an attempt to comply with his duties as judge of the probate division of the court of common pleas to oversee the administration of estates and guardianships.  The adverse orders referenced by affiants are subject to review on appeal and are not grounds for disqualification.  See *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

{¶ 3} In executing his responsibilities, Judge Maloney has cooperated with law enforcement, disciplinary authorities, and his colleagues in other courts in which Goldberg appeared as counsel of record.  While affiants may view Judge Maloney's actions as prejudicial, they appear to be consistent with his statutory duties and obligations under the Code of Judicial Conduct.  The mere fact that a judge cooperates with appropriate officials in the investigation of alleged criminal and ethical misconduct on the part of an attorney will not result in disqualification of that judge from cases in which that attorney may be participating as counsel, a party, or otherwise.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and denied.  The cases shall proceed before Judge Maloney.  Upon request of the Disciplinary Counsel, the confidential affidavit filed by the Disciplinary Counsel on October 29, 1999, shall remain sealed until further order.  See Gov.Bar R. V(11)(E).

_____