DECISION AND JUDGMENT ENTRY
This is an appeal from a Hocking County Common Pleas Court judgment of conviction and sentence. Rodney W. Snyder, defendant below and appellant herein, entered guilty pleas to rape in violation of R.C. 2907.02(A)(1)(b), and to unlawful sexual conduct with a minor in violation of R.C.2907.04(A).
The following errors are assigned for our review[1]:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT'S IMPOSITION OF A DEFINITE NINE YEAR PRISON TERM FOR THE APPELLANT'S CONVICTION OF A FIRST DEGREE FELONY CARRYING A MAXIMUM OF TEN YEARS WAS ERROR SINCE THE COURT DID NOT DETERMINE THAT SENTENCING THE APPELLANT TO THE MINIMUM PRISON PENALTY OF THREE YEARS WOULD DEMEAN THE SERIOUSNESS OF THE OFFENSE OR FAIL TO ADEQUATELY PROTECT THE PUBLIC."
SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT'S IMPOSITION OF A ONE YEAR PRISON TERM FOR UNLAWFUL SEXUAL CONDUCT WITH A MINOR TO BE SERVED CONSECUTIVE TO THE COUNT ONE RAPE CONVICTION WAS CONTRARY TO LAW AND NOT SUPPORTED BY THE RECORD."
A brief summary of the facts pertinent to this appeal is as follows. During the spring and early summer of 2001, appellant engaged in sexual relations with his twelve year old daughter. These incidents were eventually discovered by his wife (the girl's mother) who, in turn, contacted authorities.
On August 20, 2001, the Hocking County Grand Jury returned an indictment charging appellant with one count of rape, in violation of R.C. 2907.02(A)(1)(b), one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), three counts of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), and the dissemination of matter harmful to juveniles, in violation of R.C. 2907.31(A)(1).
Appellant initially pled not guilty to all six charges. Later, the parties agreed that appellant would plead guilty to rape and to one count of unlawful sexual conduct with a minor in exchange for the dismissal of the remaining counts. At the October 11, 2001 hearing the court explained to appellant his constitutional rights and endeavored to ascertain that his plea was knowingly and voluntarily made. Satisfied that this was the case, and after a review of the nature of the charges as well as the specifics of the plea agreement, the court accepted appellant's guilty pleas and continued the matter for pre- sentence investigation.
At the January 7, 2002 sentencing hearing, appellant's wife and one of his other children testified as to the harm caused by appellant's actions. After hearing their testimony, listening to the arguments of counsel and considering the pre-sentence investigation report, the court imposed a nine (9) year prison term for the rape conviction and a one (1) year term for the unlawful sexual conduct with a minor. The court further ordered the sentences be served consecutively. Judgment to that effect was entered on January 10, 2002, and this appeal followed.
 I
Appellant argues in his first assignment of error that the trial court did not follow the proper statutory procedure before it imposed a prison sentence greater than the minimum provided for rape under Ohio law. We agree.
Our analysis begins with R.C. 2907.02(B) which specifies that rape is a first degree felony. First degree felonies are punishable by terms of imprisonment from between three (3) to ten (10) years. R.C. 2929.14(A)(1). When a court imposes a prison sentence on an offender who has not previously served a prison term, courts are directed to impose the shortest prison term authorized for the offense unless "the court findson the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.) Id. at (B).[2]
Although a court's reasons need not be spelled out, the record must indicate that the court engaged in the R.C. 2929.14(B) analysis and varied from the minimum sentence for at least one of the two sanctioned reasons. State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 1999-Ohio-10,715 N.E.2d 131; also see State v. Jones (2001), 93 Ohio St.3d 391, 398,2001-Ohio-1341 754 N.E.2d 1252.
In the case sub judice, we have thoroughly reviewed the record, particularly the sentencing hearing transcript, and we find no indication that the court considered imposing the minimum sentence, and then decided against it for those reasons set out in R.C. 2929.14(B). We do not find in the record that the trial court expressly stated that it found that the imposition of a minimum sentence would demean the seriousness of the offense or be inadequate to protect the public.
The prosecution concedes that the trial court did not make explicit findings to deviate from a minimum sentence under the statute. The prosecutor counters, however, that we should not require slavish adherence to some "talismanic incantation" from the trial court on this matter. Instead, the prosecution posits that we should look to the record "as a whole," which in this case indicates that the court "discounted" a minimum sentence as "demeaning to the nature of the offense and the harm caused the victim." We are not persuaded.
To begin, we are, in fact, more concerned with substantial compliance in the substance of the felony sentencing laws than with some rote recitation of statutory terms and language. See State v. Evans, Meigs App. No. 00CA3, 2000-Ohio- 2025. However, in the case sub judice, we are not convinced that substantial compliance with the statute exists. The sentencing hearing transcript does not show that the court considered a minimum sentence or that it deviated from that sentence for either of the two statutory reasons. Indeed, we find no reference to R.C. 2929.14(B) in the record. See State v. Barnhouse (Dec. 27, 2001), Athens App. No. 01CA38, unreported. This suggests that the court did not engage in the requisite statutory analysis.
While the trial court did make several comments that would tend to indicate it did not favor a minimum sentence in this case, this is insufficient to meet the statutory requirements. The Ohio Supreme Court held in Edmonson, supra at 328, that although a trial court may make comments that might arguably support a finding that the minimum sentence would demean the seriousness of the offense or not adequately protect the public, the court must still specify either of those reasons in support of its decision to deviate from the minimum sentence. Likewise, in this case the court did not indicate that it considered the minimum sentence or that it decided to deviate from that sentence for those reasons listed in R.C. 2929.14(B).
Accordingly, based upon the foregoing reasons, we sustain appellant's first assignment of error.[3]
 II
Appellant argues in his second assignment of error that the trial court erred by ordering that his sentence for unlawful sexual contact with a minor consecutive to his prison sentence on the rape charge. Again, we agree.[4]
Our analysis begins with the provisions of R.C. 2929.14(E)(4) which state in pertinent part:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
This statute sets out a "tri-partite procedure" for imposing consecutive prison sentences: first, the trial court must find that consecutive sentences are "necessary" to protect the public or to punish the offender; second, the court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses; and third, the court must find the existence of one of the three enumerated circumstances in sub-parts (a) through (c). State v. Lovely, Scioto App. No. 00CA2721, 2001-Ohio-2440; State v. Haugh (Jan. 24, 2000), Washington App. No. 99CA28, unreported.
In the case sub judice we note that none of these findings are included in the sentencing entry. We then turn to the transcript of the sentencing hearing.[5] We need not determine, however, whether this colloquy satisfied other parts of the statute because it is apparent that the trial court did not find that the proposed consecutive sentences are "not disproportionate" to the seriousness of appellant's conduct and the "danger" that he posed to the public. Accordingly, we hereby sustain appellant's second assignment of error.[6]
Having sustained both assignments of error, the judgment of the trial court is reversed and the case is remanded for re-sentencing consistent with this opinion.
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed, that the case be remanded for further proceedings consistent with this opinion and that appellant recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
Harsha, J. Evans, J.: Concur in Judgment Opinion.
[1] Appellant's brief does not contain a separate statement of the assignments of error as required by App.R. 16(A)(3) and thus we take these from the table of contents set forth therein.
[2] The pre-sentence investigation report indicates that appellant has no previous "adult criminal history."
[3] (¶ a} We emphasize that we do not comment on the merits of the prison sentence issued in this matter. Rather, we simply hold that the trial court did not comply with the applicable statutory procedure.
{¶ b} Further, nothing in this opinion should be construed as criticism of the trial court's action in this matter. Unfortunately, as the prosecution in the instant case succinctly states, the state of the law today appears to require at least some degree of "slavish adherence" to some "talismanic incantations." Thus, we are in the unenviable position of attempting to fully comply with the complex and convoluted sentencing requirements currently included in the Ohio Revised Code.
[4] We parenthetically note that, as with the rape conviction, the trial court did not engage in the statutory analysis under R.C. 2929.14(B) to impose greater than the minimum sentence for unlawful sexual conduct with a minor. However, because appellant does not expressly argue this point in his second assignment of error we do not address it.
[5] {¶ a} The trial court engaged in the following analysis on the record:
{¶ b} "As far as the optional imposition of consecutive sentence, the Court finds that consecutive sentences are necessary to protect the public and to punish you. You very easily could have received about a hundred years in prison in these cases had they all been prosecuted through. The harm is so great and so unusual that a single term does not adequately reflect the seriousness of your conduct. This is very cold calculated scheme to use rewards and punishment to have sex with your own daughter. . . So, I am imposing the sentences consecutively."
[6] Again, we emphasize that we do not reach the merits of the issue of whether consecutive sentences are warranted. Rather, we merely hold that the trial court did not comply with the statutory requirements for the imposition of consecutive sentences.