[Cite as *In re Disqualification of Lynch*, 135 Ohio St.3d 1277, 2013-Ohio-910.]

IN RE DISQUALIFICATION OF LYNCH.

CITIBANK, N.A., TRUSTEE, *v*. SQUIRE ET AL.

[Cite as *In re Disqualification of Lynch,* 135 Ohio St.3d 1277, 2013-Ohio-910.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's notification to disciplinary authorities of affiant's practice of law while under suspension not grounds for disqualification—Action of judge not shown to be product of bias or prejudice—Affidavit denied.*

(No. 13-AP-005—Decided February 7, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas Case No. 06CVE 07 9766.

_____

**O'CONNOR, C.J.**

{¶ 1}  Percy Squire, a defendant in the underlying action, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Julie M. Lynch from presiding over any further proceedings in case No. 06CVE 07 9766, a foreclosure action pending in the Court of Common Pleas of Franklin County.

{¶ 2}  Squire claims that Judge Lynch's participation in the underlying case creates an appearance of partiality because she reported his conduct to disciplinary counsel.  In November 2011, this court indefinitely suspended Squire from the practice of law.  *See Disciplinary Counsel v. Squire*, 130 Ohio St.3d 368, 2011-Ohio-5578, 958 N.E.2d 914.  In February 2012, Judge Lynch sent a letter to disciplinary counsel stating that, despite his suspension, Squire  was representing his wife in the underlying case, including at a recent pretrial conference.  Squire has since denied representing his wife at that pretrial.  Nonetheless, Squire claims that Judge Lynch's letter resulted in a formal disciplinary complaint being filed

against him, with Judge Lynch as the "chief complaining witness." Squire further asserts that a reasonable and objective person would harbor serious doubts about the impartiality of a judge "who felt duty bound to file a disciplinary complaint" against a party appearing before her.

{¶ 3} Judge Lynch has responded in writing to the concerns raised in Squire's affidavit. Judge Lynch claims that she had an ethical duty to notify disciplinary counsel of Squire's conduct, but she affirms that she "can, and will, remain fair and impartial."

{¶ 4} For the following reasons, no basis has been established to order the disqualification of Judge Lynch.

{¶ 5} First, it is well established that "[t]he mere filing of a disciplinary complaint by a judge against a lawyer does not require the judge to recuse himself from cases involving that lawyer." *In re Disqualification of Belskis*, 74 Ohio St.3d 1252, 657 N.E.2d 1355 (1993), citing Board of Commissioners on Grievances and Discipline Op. No. 89-32, at 2 (Oct. 13, 1989) ("the disqualification of a judge is not automatic when the judge has filed a disciplinary complaint against an attorney appearing in the judge's courtroom"). The same rationale applies when a judge notifies disciplinary authorities of the conduct of a party. *See, e.g.*, *In re Disqualification of Maloney*, 88 Ohio St.3d 1215, 1215-1216, 723 N.E.2d 1102 (1999) ("The mere fact that a judge cooperates with appropriate officials in the investigation of alleged criminal and ethical misconduct on the part of an attorney will not result in disqualification of that judge from cases in which that attorney may be participating as counsel, a party, or otherwise").

{¶ 6} Further, while a combination of factors arising from a pending disciplinary matter may be sufficient to create an appearance of impropriety, no such combination of factors is present here. For example, in *In re Disqualification of O'Neill*, 100 Ohio St.3d 1226, 2002-Ohio-7476, 798 N.E.2d

12, the following facts relating to a pending disciplinary proceeding against a judge required the judge's disqualification: (1) the attorney-affiant witnessed the judge's alleged misconduct and the attorney's allegations formed part of the basis of a later disciplinary complaint filed against the judge, (2) the judge publicly expressed her disgust with the allegations against her, (3) the attorney was likely to be an adverse witness at the judge's disciplinary hearing and subject to vigorous cross-examination by the judge, and (4) the judge labeled the complaints against her as politically motivated. *Id.* at ¶ 3-5. *See also In re Disqualification of Maschari*, 88 Ohio St.3d 1212, 723 N.E.2d 1101 (1999) (judge disqualified to avoid appearance of impropriety where the attorney-affiant was to be called as a witness in a disciplinary case against the judge and the affiant was the judge's recent election opponent).

{¶ 7} In contrast, no similar unique combination of factors is present here. Unlike the judges in *O'Neill* and *Maschari*, Judge Lynch is not the respondent in any pending disciplinary case, and she has no personal interest in the outcome of Squire's pending disciplinary matter. And while her letter may have helped form the basis of the formal complaint filed against Squire, the letter itself does not indicate that it was the result of prejudice against him. Indeed, nothing in the record suggests that Judge Lynch harbors any hostility or personal bias against Squire. Thus, unlike the facts in *O'Neill* and *Maschari*, the circumstances surrounding the pending disciplinary matter here are not grounds for disqualification, and Squire's disciplinary case does not prevent Judge Lynch from presiding over the foreclosure action.

{¶ 8} Second, the fact that Judge Lynch felt that she had a duty to notify disciplinary counsel under Prof.Cond.R. 8.3 does not create an appearance of impropriety. "The proper test for determining whether a judge's participation in a case presents an appearance of impropriety is * * * an objective one. A judge should step aside or be removed if a reasonable and objective observer would

3

harbor serious doubts about the judge's impartiality." *In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8. Squire argues that because Judge Lynch cited Prof.Cond.R. 8.3 in her letter to disciplinary counsel, it follows that she questions his honesty, trustworthiness, and fitness to be a lawyer. And a reasonable person, according to Squire, would doubt the impartiality of any judge who believes a party appearing before her is dishonest, untrustworthy, or unfit to be a lawyer.

{¶ 9} Squire's argument is unconvincing. Under Prof.Cond.R. 8.3(a), a lawyer has a duty to report a disciplinary violation that raises a question regarding another lawyer's "honesty, trustworthiness, or fitness as a lawyer."[1] Contrary to Squire's argument, no reasonable and informed observer would question Judge Lynch's impartiality in a pending case solely because she took action that she considered to be required by the Rules of Professional Conduct. And nothing in Judge Lynch's letter to disciplinary counsel or her response to the affidavit suggests that she was motivated by anything other than her ethical duties. Her response to the affidavit affirms that her letter to disciplinary counsel was "not personal" and that she will "remain fair and impartial" in the underlying proceeding. On this record, it appears that Judge Lynch's letter was based solely on her interpretation of her professional obligations as a lawyer, and a reasonable and objective observer would not view her compliance with her ethical duties as evidence of bias against Squire.

{¶ 10} Moreover, even if Judge Lynch felt that Squire's conduct at the February 2012 pretrial conference was dishonest or that he demonstrated a lack of fitness to practice law, judges are presumed to be capable of putting aside such preliminary influences and deciding cases based on the law and facts before them. Indeed, "[a] judge is presumed to follow the law and not to be biased, and the

---

1. Judge Lynch has a similar reporting obligation under the Code of Judicial Conduct. *See* Jud.Cond.R. 2.15(B).

appearance of bias or prejudice must be compelling to overcome these presumptions." *See In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. In the absence of any evidence of bias or some objective indication that would cause a reasonable observer to question Judge Lynch's impartiality, those presumptions have not been overcome in this case.

{¶ 11} Finally, in previous affidavit-of-disqualification cases, the chief justice has explained that "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." *In re Disqualification of Celebrezze*, 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001), citing *In re Disqualification of Light*, 36 Ohio St.3d 604, 522 N.E.2d 458 (1988). This case has been pending since 2006, and Squire's affidavit has not set forth any extraordinary circumstances that would require Judge Lynch's disqualification from this lengthy litigation.

{¶ 12} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Lynch.

———————————