IN RE DISQUALIFICATION OF PARK.

IN RE GUARDIANSHIP OF FINAN.

[Cite as *In re Disqualification of Park,* 138 Ohio St.3d 1216, 2013-Ohio-5914.]

*Judges—Affidavit of disqualification—R.C. 2701.03—Judge's notification to disciplinary authorities of affiant's conduct is not grounds for disqualification—Actions of judge not shown to be product of bias or prejudice—Affidavit denied.*

(No. 13-AP-113—Decided December 11, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Stark County Court of Common Pleas, Probate Division, Case No. 217368.

_____

O'CONNOR, C.J.

{¶ 1} Timothy E. Bellew, attorney for the alleged daughter of the ward in the underlying guardianship proceeding, has filed an affidavit under R.C. 2701.03 seeking to disqualify Judge Dixie Park from presiding over any further matters in case No. 217368 and all related proceedings in the probate division of the Court of Common Pleas of Stark County.

{¶ 2} Bellew alleges that Judge Park has made it impossible for his client to receive a fair and impartial hearing. Specifically, Bellew criticizes the judge's decision disqualifying him from representing the ward, her ruling declaring the ward incompetent, and her appointment of a guardian for the ward. In addition, Bellew claims that at a September 2013 hearing, Judge Park "became visibly angry, was very sarcastic and condescending in her questions and tone," and stated that she was going to "see to it that [Bellew's] license to practice law [was] revoked." Finally, Bellew alleges that Judge Park has a conflict of interest

because she has an association with another party in the case, Guardian Support Services.

{¶ 3} Judge Park has responded in writing to the allegations in Bellew's affidavit, stating that she has no personal bias against Bellew and that he and his client have been treated fairly in the underlying proceeding.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Park.

{¶ 5} First, Bellew's complaints about Judge Park's various legal rulings in the case are not grounds for disqualification. It is well settled that an affidavit of disqualification "is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. And a party's disagreement or dissatisfaction with a court's rulings does not constitute bias or prejudice. *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. The remedy for Bellew's legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 6} Second, Bellew has not demonstrated that Judge Park's conduct towards him at the September 2013 hearing indicates bias. Judge Park denies that she was sarcastic or condescending or that she stated that she would "see to it" that Bellew's license to practice would be revoked. Judge Park acknowledges becoming concerned about Bellew's conduct, mostly because it was alleged that he had assisted in preparing a power of attorney for an individual subject to adult protective services and because he was not in compliance with his attorney-registration requirements at the time of the September hearing. Judge Park further states that she inquired with disciplinary counsel about whether Bellew's actions should be reported. Even if she did ultimately report his conduct, the mere fact that a judge notifies disciplinary authorities about the conduct of an attorney

appearing before her does not require the judge to be removed from a case involving that attorney. *See In re Disqualification of Lynch*, 135 Ohio St.3d 1277, 2013-Ohio-910, 986 N.E.2d 1000, ¶ 5. On this record, Bellew's claim is not well taken.

{¶ 7} Third, Bellew has not sufficiently established that Judge Park has any conflict of interest in cases involving Guardian Support Services. Bellew alleges that Judge Park's website states that in 2006, she was "instrumental in the inception of Guardian Support Services." Bellew further alleges that he recently reviewed more than 60 cases in the Stark County Probate Court involving Guardian Support Services and its attorney, and he did not find any case in which the court denied a guardianship requested by the agency's lawyer. For her part, Judge Park states that Guardian Support Services is a nonprofit agency that trains volunteer guardians and provides ongoing support for them. According to Judge Park, the agency was created in 2006 by a certified elder-law attorney, and the judge states that she is not involved in the agency's day-to-day operations. Judge Park further states that she holds volunteer guardians trained by Guardian Support Services to the same standards as other guardians, and she describes Bellew's allegation that she always grants guardianships requested by the agency's attorney as "not true."

{¶ 8} In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit sufficient evidence and argument demonstrating that disqualification is warranted. *See* R.C. 2701.03(B)(1). Although he claims that the judge's involvement with Guardian Support Services is "a clear, not to mention a readily perceivable conflict of interest," Bellew has not explained how Judge Park's involvement in the inception of Guardian Support Services seven years ago creates a conflict of interest in the underlying case—nor has he substantiated his allegation that Judge Park has ruled in favor of the agency's attorney in more than 60 cases. Vague or unsubstantiated allegations, such as

those here, are insufficient to establish bias or prejudice. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988). *See also In re Disqualification of Mitrovich*, 101 Ohio St.3d 1214, 2003-Ohio-7358, 803 N.E.2d 816, ¶ 4 ("An affidavit must describe with specificity and particularity those facts alleged to support the claim of bias or prejudice"). Based on this record, no reasonable and objective observer would harbor serious doubts about the judge's impartiality based solely on her unspecified involvement in 2006 in the setting up of a nonprofit agency to help train volunteer guardians.

**{¶ 9}** "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

**{¶ 10}** For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Park.

---