IN RE DISQUALIFICATION OF GHIZ.

SHEN *v.* LAM.

2015-Ohio-5667.]

(No. 15–AP–083—Decided October 1, 2015.)

O'CONNOR, C.J.

{¶ 1} Defendant, Paul Minh Lam, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Leslie Ghiz from presiding over any further proceedings in the above-captioned case.

{¶ 2} Lam claims that Judge Ghiz has demonstrated bias against him in various ways, including that she (1) disqualified his co-counsel based on an improper judicial investigation, (2) filed an unwarranted grievance against his primary counsel, and (3) immediately after a status conference, engaged in an ex parte meeting with plaintiff's counsel, who is also the chairperson of the same county political party that Judge Ghiz belongs to.

{¶ 3} Judge Ghiz has responded in writing to the affidavit, affirming that she can remain fair and impartial for the remainder of the case. Judge Ghiz explains that she disqualified Lam's co-counsel and filed a grievance against his primary counsel based on evidence of forum-shopping. The judge also acknowledges that she privately met with plaintiff's counsel after the status conference, but she further avers that the discussion was about a personal matter unrelated to the underlying case.

{¶ 4} "In the absence of extraordinary circumstances, an affidavit of disqualification should not be used to disqualify a judge after lengthy proceedings have taken place in the case." *In re Disqualification of Pepple*, 47 Ohio St.3d 606, 607, 546 N.E.2d 1298 (1989). This case has been pending since 2012, and Judge Ghiz has presided over the matter since 2013. Given the length of this case, the judge's significant involvement, and her specific responses to the bias allegation, Lam has failed to establish that extraordinary circumstances exist mandating the judge's removal.

{¶ 5} First, Judge Ghiz explains that she disqualified Lam's co-counsel based on evidence indicating that Lam had hired the attorney in an effort to conflict her off the case, and the judge notes that the First District Court of Appeals recently affirmed her decision. *See Shen v. Lam*, 1st Dist. Hamilton No. C–140607, 2015-Ohio-3321, 2015 WL 4936604. Lam nonetheless believes that the judge's conduct was improper and shows bias, but an affidavit of disqualification is not the appropriate vehicle to reargue the merits of a judge's legal ruling. *See In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4 (an affidavit of disqualification is "not a vehicle to contest matters of substantive or procedural law"). And although Lam is correct that judges are prohibited from independently investigating facts and should consider only evidence presented, *see* Jud.Cond.R. 2.9(C), he has not established that Judge Ghiz's conduct in disqualifying his co-counsel was a product of bias or prejudice against him.

{¶ 6} Second, it is well settled that "[t]he mere filing of a disciplinary complaint by a judge against a lawyer does not require the judge to recuse himself [or herself] from cases involving that lawyer." *In re Disqualification of Belskis*, 74 Ohio St.3d 1252, 657 N.E.2d 1355 (1993). Here, Judge Ghiz claims that evidence introduced at a hearing indicated that Lam's primary counsel had hired co-counsel to force Judge Ghiz off the case. Accordingly, Judge Ghiz believed that she had a duty to report the attorney's potential misconduct to the appropriate disciplinary authorities. The judge acknowledges that her grievance has since been dismissed, and she denies having any remaining issues with Lam's primary counsel. On this record, no reasonable and objective observer would question Judge Ghiz's impartiality solely because she took action that she considered to be required by the Code of Judicial Conduct. *See In re Disqualification of Lynch*, 135 Ohio St.3d 1277, 2013-Ohio-910, 986 N.E.2d 1000, ¶ 9.

{¶ 7} Third, "[a]n alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.'" (Ellipsis sic.) *In re Disqualification of Forsthoefel*, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7, quoting *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475, 798

N.E.2d 10, ¶ 2. Here, Lam claims that after issuing an adverse ruling at a status conference, the judge privately met with plaintiff's counsel in her office, which upset defense counsel who was outside the judge's office questioning why the judge and opposing counsel were meeting without him. Both Judge Ghiz and plaintiff's counsel, however, aver that the meeting was about a personal matter unrelated to the underlying case. Because Lam has not alleged—let alone established—that Judge Ghiz and plaintiff's counsel discussed any issue related to the underlying matter, disqualification is not warranted. However, it must be noted that judges have the duty to avoid impropriety *and* the appearance of impropriety. *See* Jud.Cond.R. 1.2. It seems that any appearance issues here could have been easily avoided had Judge Ghiz, upon conclusion of the status conference, clearly informed defense counsel that she wished to privately discuss an unrelated matter with plaintiff's counsel.

{¶ 8} Finally, the fact that plaintiff's counsel is chairperson of a county political party is insufficient to warrant Judge Ghiz's removal. " 'Many judges were involved in politics before taking the bench.' " *In re Disqualification of Bryant,* 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 3, quoting *In re Mason,* 916 F.2d 384, 385 (7th Cir.1990). Nonetheless, judges are presumed to be "able to set aside any partisan interests once they have assumed judicial office and have taken an oath to decide cases on the facts and the law before them." *Id.* That presumption has not been overcome in this case.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The case may proceed before Judge Ghiz.