IN RE DISQUALIFICATION OF SUTULA.

CARYN GROEDEL & ASSOCIATES *v.* HUMMER.

[Cite as *In re Disqualification of Sutula,* ___ Ohio St.3d ___, 2016-Ohio-441.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to demonstrate bias or prejudice—Disqualification denied.*

(No. 15-AP-069—Decided September 14, 2015.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas Case No. CV-14-824290.

_____

O'CONNOR, C.J.

{¶ 1} Caryn Groedel, attorney for plaintiff, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge John Sutula from presiding over any further proceedings in the above-captioned breach-of-contract case, which Groedel brought on behalf of her law firm against a former client.

{¶ 2} Groedel claims that Judge Sutula has "repeatedly demonstrated his inability to be fair and impartial" to her and her law firm. Judge Sutula has responded in writing to the affidavit, stating that he does not have any bias against any party in the underlying case. For the reasons explained below, no basis has been established to order the disqualification of Judge Sutula.

{¶ 3} First, Groedel's primary complaint is that Judge Sutula is biased against her because he has denied almost all of her motions but granted all of defendant's motions. Specifically, Groedel avers that the judge has repeatedly abused his discretion by allowing defendant to submit filings out of time and in violation of the civil rules and discovery orders. It is well settled, however, that a litigant's dissatisfaction with a court's legal rulings, even if those rulings are erroneous, is not grounds for disqualification. *In re Disqualification of Floyd*, 101

Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Procedures exist by which appellate courts may review—and, if necessary, correct—rulings made by trial courts, but reviewing alleged legal errors is not the role of the chief justice in deciding an affidavit of disqualification. Further, a party is not entitled to a certain number of favorable rulings, and a judge must be free to make rulings without the apprehension that a disproportionate number of rulings in favor of one party will create the impression of bias toward that party or against its adversary. *In re Disqualification of Lawson*, 135 Ohio St.3d 1243, 2012-Ohio-6337, 986 N.E.2d 6, ¶ 7.

{¶ 4} Second, Groedel claims that Judge Sutula disrespected her at a recent pretrial conference when he showed her co-counsel a newspaper article about a local attorney who had been disciplined for professional misconduct and indicated that he might have to "report" Groedel for similar misconduct. According to Groedel, Judge Sutula's suggestion that she may have engaged in inappropriate conduct was based on "unsubstantiated allegations" from defendant. In response to Groedel's allegations, Judge Sutula summarized the circumstances and statements in the record that led him to caution Groedel's co-counsel that he might have a duty to report Groedel to disciplinary authorities.

{¶ 5} In general, a judge's disqualification is not warranted merely because the judge files a grievance against a lawyer in a pending case. *See In re Disqualification of Lynch*, 135 Ohio St.3d 1277, 2013-Ohio-910, 986 N.E.2d 1000, ¶ 5. Indeed, judges have the duty to inform the appropriate authorities when they have knowledge that an attorney has violated a disciplinary rule raising a question regarding the attorney's honesty, trustworthiness, or fitness as a lawyer. *See* Jud.Cond.R. 2.15(B). Thus, the fact that Judge Sutula cautioned Groedel's co-counsel that if certain allegations were true he may have a duty to report Groedel, does not show that he is biased against her.

**{¶ 6}** "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.

**{¶ 7}** Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Sutula.

_____