O'Connor, C.J.
*1251 {¶ 1} Monica L. Dias, counsel for the defendants, filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Kelly Ann Gallagher and all other judges of the Cuyahoga County Court of Common Pleas from the above-referenced case. Judge Gallagher voluntarily recused herself, and therefore, Ms. Dias's affidavit to disqualify Judge Gallagher was previously dismissed as moot.
{¶ 2} With respect to the remainder of the common pleas bench, Ms. Dias avers that the judges should be disqualified to avoid any appearance of bias or impropriety.
*854 According to Ms. Dias, one of the plaintiffs, Trevor Elkins, is "very politically active" in the Cuyahoga County Democratic Party and "[b]ecause the vast majority of the Cuyahoga County Common Pleas judges are Democrats," a visiting judge from another county "who is immune from Cuyahoga County politics" should be appointed to "ensure and preserve impartiality and fairness in the proceedings." Mr. Elkins is also the mayor of Newburgh Heights, Ohio.
*1252 {¶ 3} Administrative Judge John J. Russo submitted a response on behalf of the common pleas court. Judge Russo states that nothing in Ms. Dias's affidavit establishes that disqualification of the entire bench is warranted, and therefore, he requests that the affidavit be denied.
{¶ 4} As noted by Ms. Dias, the chief justice has disqualified entire benches of judges when the existence of a personal, professional, or political relationship between the judges and one of the parties to the underlying case could suggest to the reasonable person the appearance of bias or impropriety. For example, in In re Disqualification of Corrigan , 110 Ohio St.3d 1217, 2005-Ohio-7153, 850 N.E.2d 720, the chief justice disqualified an entire bench from hearing a case in which the plaintiff was a county commissioner who had a leadership role in local party politics. The chief justice noted that as a county commissioner, the plaintiff necessarily exercised considerable authority over the budget of the common pleas court and that it was alleged that as the former chair of a county political party, he had significant personal and political relationships with many judges. Based on those facts, the public could reasonably question whether any judge of that county's common pleas court would be able to render a decision based solely on the relevant law and facts.
{¶ 5} Similarly, in In re Disqualification of Celebrezze , 105 Ohio St.3d 1241, 2004-Ohio-7360, 826 N.E.2d 301, the chief justice disqualified an entire bench from the divorce case of an elected county officeholder who was alleged to have significant personal and professional connections to many judges in the county. And in In re Disqualification of Nadel , 47 Ohio St.3d 604, 546 N.E.2d 926 (1989), the chief justice disqualified all the judges of a common pleas court from hearing the case of a defendant charged with assaulting and kidnapping the wife and infant daughter of another judge of that court. In those matters, the chief justice determined that an objective observer might have reasonably questioned the judges' impartiality based on their close political or professional ties with the parties or the alleged victims, and therefore, disqualification of the entire bench was necessary to avoid any appearance of impropriety.
{¶ 6} In this case, however, Ms. Dias has not established a similar relationship between the judges of the Cuyahoga County Court of Common Pleas and any party in the underlying case. Mr. Elkins is the mayor of a village located in Cuyahoga County. But he is not a county officeholder, and he has no influence over the funding of the common pleas court. Nor has Ms. Dias alleged or established that Mr. Elkins has significant personal and political relationships with many of the county's common pleas judges. The record shows that Mr. Elkins is politically active in local party politics, that he serves on committees that endorse candidates for county races, and that he recently ran unsuccessfully to become chair of the same county political party to which an overwhelming *1253 majority of the county's common pleas judges belong. "We presume, however, that judges are able to set aside any partisan interests once they have assumed judicial office and have taken an oath to decide *855 cases on the facts and the law before them." In re Disqualification of Bryant , 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 3 ; see also In re Disqualification of Osowik , 117 Ohio St.3d 1237, 2006-Ohio-7224, 884 N.E.2d 1089, ¶ 6 ("We elect judges in Ohio, and we must ordinarily assume that an attorney's or a party's vocal opposition to the election of a judge will not cause that judge to harbor bias when the attorney or the party later appears before the judge"). Accordingly, the fact that a party in a pending case campaigned for or against the judge is, in general, not grounds for disqualification. In re Disqualification of Cleary , 77 Ohio St.3d 1246, 1247, 674 N.E.2d 357 (1996).
{¶ 7} Based on this record, Mr. Elkins's involvement in local party politics, without more, is insufficient to warrant disqualification of the entire county common pleas bench. See, e.g., Osowik (denying a request to disqualify an entire bench from a case involving a defendant who had formerly chaired a county political party and who had allegedly campaigned against nearly all judges of the court); In re Disqualification of Ghiz , 146 Ohio St.3d 1249, 2015-Ohio-5667, 55 N.E.3d 1113 (denying a request to disqualify a judge based, in part, on the fact that an attorney in a case pending before the judge also was serving as chair of the same county political party that the judge belonged to). If the judge ultimately assigned to the underlying case has a more specific political connection to the parties involved, counsel may take appropriate measures. See, e.g. , In re Disqualification of Saffold , 117 Ohio St.3d 1239, 2006-Ohio-7225, 884 N.E.2d 1091, ¶ 5-7 ; Board of Professional Conduct Advisory Opinion 2014-1 (Jan. 31, 2014). However, the record here does not reflect the existence of relationships within the judicial system that could suggest to a reasonable person the appearance of impropriety were this matter to be heard by a judge of the Cuyahoga County Court of Common Pleas.
{¶ 8} The affidavit of disqualification is therefore denied.