[This opinion has been published in *Ohio Official Reports* at 177 Ohio St.3d 1248.]

IN RE DISQUALIFICATION OF REGAN.

TRIPLETT *v*. STOCKMEISTER ET AL.

AND

THE STATE OF OHIO *v*. TRIPLETT.

[Cite as *In re Disqualification of Regan*, 2024-Ohio-6138.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affiant failed to demonstrate that judge should be disqualified to avoid appearance of impropriety based on judge's alleged political and personal connections with an interested party in underlying litigation, judge's alleged mishandling of proceedings in underlying litigation, and coarse language used by judge—Disqualification denied.*

(Nos. 24-AP-145 and 24-AP-146—Decided October 18, 2024.)

ON AFFIDAVITS OF DISQUALIFICATION in Jackson County Court of Common Pleas, General and Domestic Relations Division, Case Nos. 24 CIV 0068 and 24 CR 0001.

_____

**KENNEDY, C.J.**

{¶ 1} Aaron M. McHenry, counsel for Kenneth Triplett, the plaintiff in the underlying civil case and the defendant in the underlying criminal case, has filed a third and fourth affidavit of disqualification pursuant to R.C. 2701.03 seeking to disqualify Judge Christopher J. Regan of the Jackson County Court of Common Pleas, General and Domestic Relations Division, from presiding over the underlying cases.

{¶ 2} Triplett filed the first and second affidavits of disqualification on August 7, 2024, and they were dismissed on September 10 because they failed to meet the requirements for an affidavit. *See* Supreme Court case Nos. 24-AP-118

and 24-AP-119. Judge Regan filed responses to McHenry's third and fourth affidavits of disqualification.

{¶ 3} As explained below, McHenry has not established that Judge Regan should be disqualified. Therefore, the third and fourth affidavits of disqualification are denied. The cases shall proceed before Judge Regan.

## Trial-Court Proceedings

{¶ 4} The relevant proceedings in the underlying cases were summarized in the decision dismissing the first and second affidavits of disqualification. *See In re Disqualification of Regan*, Nos. 24-AP-118 and 24-AP-119. In the underlying civil case, Triplett sued Alan Stockmeister and others, alleging causes of action for corrupt activities and fraud, among other claims. In the underlying criminal case, Stockmeister is the alleged victim of the charged offenses.

{¶ 5} After the first and second affidavits of disqualification were dismissed, McHenry, on September 17, 2024, filed the third and fourth affidavits of disqualification seeking Judge Regan's disqualification in the underlying cases.

## Affidavit-of-Disqualification Proceedings

{¶ 6} R.C. 2701.03(A) provides that if a judge of the court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court," then that party or the party's counsel may file an affidavit of disqualification with the clerk of this court.

{¶ 7} Before considering McHenry's allegations against Judge Regan, a preliminary matter must be addressed: whether McHenry's affidavits are sufficient under Ohio law. A portion of each of them is not.

### Requirements of an Affidavit

{¶ 8} This court has long held that "an affidavit must appear on its face to [be] . . . in compliance with all legal requisitions." *Benedict v. Peters*, 58 Ohio St.

2

527, 536 (1898). In Ohio, an affidavit is a "written declaration [made] under oath." R.C. 2319.02. As such, an affidavit is a form of written testimony. *See Wallick Properties Midwest, L.L.C. v. Jama*, 2021-Ohio-2830, ¶ 18 (10th Dist.). A party may present a witness's testimony to a court only if "evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Evid.R. 602. A witness is traditionally "'incompetent' to testify to any fact unless he or she possesses firsthand knowledge of that fact." Weissenberger, *Weissenberger's Ohio Evidence Treatise*, § 602.1 (2024); *see also State v. Fears*, 1999-Ohio-111, ¶ 36 (testimony not based on personal knowledge held to be inadmissible). Therefore, "statements contained in affidavits must be based on personal knowledge." *Carkido v. Hasler*, 129 Ohio App.3d 539, 548, fn. 2 (7th Dist. 1998); *see* 2A C.J.S., Affidavits, § 46, at 285-287 (2023); *see, e.g.*, Civ.R. 56(E), S.Ct.Prac.R. 12.02(B)(2).

{¶ 9} "'Personal knowledge' is '[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.'" (Bracketed text in original.) *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 2002-Ohio-2220, ¶ 26, quoting *Black's Law Dictionary* (7th Rev.Ed. 1999). It follows that "'[o]ne who has no knowledge of a fact except what another has told him cannot, of course, satisfy the . . . requirement of knowledge from observation.'" *Dublin City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 1997-Ohio-327, ¶ 12, quoting 1 McCormick, *Evidence*, § 10, at 40 (4th Ed. 1992).

{¶ 10} Because some of the averments fail to meet the requirement for testimony from personal knowledge and some are based on hearsay in newspaper articles, the following paragraphs of McHenry's third and fourth affidavits of disqualification are stricken: paragraph 31, paragraph 33, the second sentence of paragraph 43, paragraphs 55 and 56, paragraphs 58 through 60, and paragraphs 62 through 66. *See State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2007-Ohio-3831, ¶ 38, 41; *State ex rel. Am. Civ. Liberties Union of*

*Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 2011-Ohio-625, ¶ 30.  This decision now turns to the merits of the allegation.

*Allegation against Judge Regan*

{¶ 11} McHenry alleges that Judge Regan should be disqualified to avoid the appearance of impropriety.  He provides three bases in support of that allegation, which can be categorized as the judge's political and/or personal connections with an interested party in the underlying litigation, the judge's mishandling of the proceedings in both the underlying civil case and the underlying criminal case, and the coarse language used by the judge.

{¶ 12} As to the claim of the judge's political and/or personal connections with an interested party, McHenry states that Judge Regan and Stockmeister, a named defendant in the underlying civil case and the alleged victim in the underlying criminal case, are both members of the Republican Party.  McHenry asserts that both the judge and Stockmeister are actively involved with the party and contribute financially to it.  He claims that recently both Judge Regan and Stockmeister were publicly recognized for donating money to help open a new headquarters for the Jackson County Republican Party.  McHenry says that the connections between the judge and Stockmeister create the appearance of impropriety.

{¶ 13} As to the claim that the judge is mishandling the underlying civil matter, McHenry points to the judge's alleged inaction in that case.  McHenry states that the judge's "failure to do anything significantly affected Mr. Triplett's ability to effectively pursue his claims and created unnecessary delay."  With respect to the underlying criminal case, McHenry argues that Triplett's bond conditions are overly burdensome and that Judge Regan is "ignoring" the filings in the case.  McHenry also points to the judge's actions related to an expert's evaluation of Triplett.

{¶ 14} Lastly, McHenry claims that when his paralegal called the judge's office to ask when Triplett's bond conditions would be addressed, the paralegal overheard the judge telling his staff that McHenry could "file a fucking motion."

{¶ 15} In response, Judge Regan denies that there is an appearance of impropriety. He admits that he previously attended a fundraising event for Senator Rob Portman that Stockmeister hosted and that he also previously attended a Christmas event sponsored by Stockmeister Enterprises. The judge notes that the events were not intimate affairs. The judge also admits that he donated personal funds to the Jackson County Republican Party for it to purchase a permanent headquarters.

{¶ 16} Judge Regan maintains, however, that he did not accompany Stockmeister to political functions, has not had contact with Stockmeister outside of the courtroom since the underlying litigation began, and has no personal relationship with Stockmeister or any member of Stockmeister's family.

{¶ 17} The judge contends that the delay in resolving some of Triplett's motions in the underlying civil case does not establish that disqualification is warranted, and he states that he believed that a ruling on Triplett's request for injunctive relief needed to wait for a decision on the defense's motion to dismiss. He also says that he viewed Triplett's request as lacking merit. He maintains that nothing was improper in his actions related to the expert's evaluation of Triplett.

{¶ 18} Judge Regan admits to having used coarse language, which he says he did in frustration at a time when he thought McHenry's paralegal was unable to hear him.

### Disqualification of a Common-Pleas-Court Judge

{¶ 19} As explained above, R.C. 2701.03(A) provides two specific grounds and a catchall provision for the disqualification of a judge of the court of common pleas. Granting or denying an affidavit of disqualification turns on whether the

chief justice determines that the interest, bias or prejudice, or disqualification alleged in the affidavit exists. R.C. 2701.03(E).

{¶ 20} The burden falls on the affiant to submit "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." R.C. 2701.03(B)(1). Therefore, "[a]n affidavit must describe with specificity and particularity those facts alleged to support the claim." *In re Disqualification of Mitrovich*, 2003-Ohio-7358, ¶ 4.

{¶ 21} As stated above, McHenry alleges that Judge Regan should be disqualified to avoid the appearance of impropriety.

{¶ 22} A judge "otherwise is disqualified" under R.C. 2701.03(A) when none of the express bases for disqualification—interest, relation to a party, bias or prejudice—apply but other grounds for disqualification exist. *See In re Disqualification of Schooley*, 2023-Ohio-4332, ¶ 19 (citing examples of when a judge could be "otherwise . . . disqualified" for purposes of R.C. 2701.031). "[E]ven in cases in which no evidence of actual bias or prejudice is apparent, a judge's disqualification may be appropriate to avoid an appearance of impropriety or when the public's confidence in the integrity of the judicial system is at issue." *In re Disqualification of Crawford*, 2017-Ohio-9428, ¶ 6. In addition, an ex parte communication between a judge and a party may be a ground for disqualification when "the communication either was initiated by the judge or addressed substantive matters in the pending case." *In re Disqualification of Calabrese*, 2002-Ohio-7475, ¶ 2. Jud.Cond.R. 2.11 sets forth additional circumstances when a judge must be disqualified, including when a family member of the judge has an economic interest in the subject matter in controversy, Jud.Cond.R. 2.11(A)(3), and when the judge likely will be a material witness in the proceeding, Jud.Cond.R. 2.11(A)(2)(d).

{¶ 23} These examples are not exhaustive, but they illustrate that a judge may still be disqualified even when the express statutory grounds for disqualification are not applicable.

**{¶ 24}** As noted above, a judge may be disqualified to avoid an appearance of impropriety. An appearance of impropriety exists when "'the [judge's] conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.'" *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 888 (2009), quoting American Bar Association, Annotated Model Code of Judicial Conduct, Canon 2A, Commentary (2004); *see also id.* at 890 (noting that the codes of judicial conduct provide more protection than due process requires). The perspective of the ordinary reasonable person is considered, and that person "is presumed to be fully informed of all the relevant facts in the record—not isolated facts divorced from their larger context." *In re Disqualification of Gall*, 2013-Ohio-1319, ¶ 6.

### Analysis

**{¶ 25}** For the reasons explained below, McHenry has not established that Judge Regan's disqualification is warranted.

**{¶ 26}** The chief justice has disqualified judges "when the existence of a personal, professional, or political relationship between the judges and one of the parties to the underlying case could suggest to the reasonable person the appearance of bias or impropriety." *In re Disqualification of Gallagher*, 2018-Ohio-5428, ¶ 4. *In Gallagher*, the affiant sought to disqualify the judges of the Cuyahoga County Court of Common Pleas from presiding over a case in which the mayor of a village in Cuyahoga County was a party. The mayor was "politically active in local party politics, [served] on committees that endorse[d] candidates for county races, and [had recently run] unsuccessfully to become chair of the same county political party to which an overwhelming majority of the county's common pleas judges belong[ed]." *Id.* at ¶ 6. The chief justice declined to disqualify the judges, pointing to the presumption that "'judges are able to set aside any partisan interests once they have assumed judicial office and have taken an oath to decide cases on the facts and the law before them.'" *Id.*, quoting *In re Disqualification of Bryant*, 2006-

Ohio-7227, ¶ 3; *see also In re Disqualification of Ghiz*, 2015-Ohio-5667, ¶ 8 ("the fact that plaintiff's counsel is chairperson of a county political party is insufficient to warrant [the judge's] removal").

{¶ 27} McHenry's assertions of Judge Regan's political bias are even weaker than the affiant's claims in *Gallagher*. McHenry has not proved that Judge Regan and Stockmeister even have that close of a relationship. McHenry at most shows that both men attended events for and contributed financially to the same political party. This is not sufficient evidence to establish a disqualifying social relationship or to rebut the presumption that a judge is able to set aside partisan interests on assuming office. *See In re Disqualification of Ondrey*, 2022-Ohio-4714, ¶ 9 ("we must assume that a judge's support of a certain political party will not affect the judge's decision-making if that political party later appears before the judge").

{¶ 28} Judge Regan's admissions in his response do not change that outcome. In his response, Judge Regan states that he has no personal relationship with Stockmeister. The judge attended two events at which Stockmeister was present; however, neither of those events occurred during the underlying litigation and both were attended by many other people. Judge Regan and Stockmeister independently exercised their constitutional right to make financial contributions to a local chapter of a national political party with which they are both affiliated. These incidents, even when taken together, are not enough to warrant disqualification.

{¶ 29} In addition, it is well established that dissatisfaction or disagreement with a judge's rulings, even if those rulings are erroneous, is not grounds for the judge's disqualification. *In re Disqualification of Melnick*, 2022-Ohio-4431, ¶ 5. Therefore, McHenry's disagreement with Triplett's bond conditions is not grounds for disqualification.

{¶ 30} Judge Regan's delay in deciding motions, without more, also does not establish an appearance of impropriety. "In general, a judge's alleged failure to provide timely rulings on a motion is not a concern that can be addressed through an affidavit of disqualification." *In re Disqualification of Mackey*, 2022-Ohio-2837, ¶ 5. Similarly, "'a judge's determination as to how to proceed with proceedings pending before him [or her] . . . generally provides no grounds for judicial disqualification.'" (Ellipsis in original.) *In re Disqualification of Sundermann*, 2023-Ohio-4884, ¶ 25, quoting Flamm, *Judicial Disqualification*, § 15.1, at 411-412 (2d Ed. 2007). Judge Regan's alleged inaction is not grounds for disqualification.

{¶ 31} Lastly, all judges have the duty to be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, court staff, court officials, and others with whom judges deal in an official capacity. Jud.Cond.R. 2.8(B). And "[a judge's] dissatisfaction can and should be expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary." *In re Disqualification of Corrigan*, 2004-Ohio-7354, ¶ 10. Nonetheless, isolated comments made in a moment of frustration are typically insufficient to require disqualification, especially when the judge's response to the affidavit of disqualification shows that he or she is not hostile toward a party or that party's attorney. *See In re Disqualification of Martin*, 2016-Ohio-8590, ¶ 6; *In re Disqualification of Adkins*, 2018-Ohio-5438, ¶ 10. Here, Judge Regan says that he regrets using coarse language while speaking to his staff, and the isolated comment he made, without more, does not prove that he is "hostile toward [anyone] or unable to fairly and impartially preside over the underlying case," *Adkins* at ¶ 10.

{¶ 32} Taking McHenry's assertions separately or together, there is no evidence that an appearance of impropriety exists, and a reasonable, objective person with full knowledge of all the facts would not find an appearance of

impropriety that necessitates the removal of the judge from the underlying proceedings.

## Conclusion

{¶ 33} For these reasons, the affidavits of disqualification are denied. The underlying cases shall proceed before Judge Regan.

_____